(155 App. Div. 496.)

### HESSEN v. McKINLEY.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

1. TRUSTS (§ 59*)—EXPRESS TRUST—DEPOSIT OF MONEY IN BANK—"TENTATIVE TRUST."

Defendant, by depositing money in a bank in December, 1905, to the credit of himself, "in trust for M. H.," his niece, who was then 16 years old, receiving a passbook, and thereafter and until January, 1908, making other deposits to the credit of the account, by exhibiting such passbook to his niece, without delivering it to her, and by acknowledging and declaring to her and to others that he intended to account for her, and that upon coming of age she would be entitled to it, created a "tentative trust," revocable at will, and becoming irrevocable only by some specific

act or declaration by defendant, or by his death before the beneficiary, without revocation.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

2. TRUSTS (§ 59*)—EXPRESS TRUST—DEPOSIT IN BANK—SUBSEQUENT REVOCATION.

Where defendant created a revocable trust in a bank account for his niece, to which she was to be entitled on becoming of age, his withdrawal of the amount before she became of age was a conclusive act of revocation.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

Laughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Mary V. Hessen against James A. McKinley. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clarence K. McGuire, of New York City (Raymond Reubenstein, of New York City, on the brief), for appellant.

Michael J. Joyce, of New York City, for respondent.

McLAUGHLIN, J. Defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and he appeals.

[1, 2] The facts set out in the complaint are, in substance, that the defendant, a maternal uncle of the plaintiff, on the 28th of December, 1905, opened an account in the North River Savings Bank by depositing the sum of $5 to the credit of "James A. McKinley, in trust for Mary Hessen" (this plaintiff), and received a passbook No. 92,141; that from time to time thereafter up to the 29th of January, 1908, other deposits were made by him to the credit of this account, which, together with the interest thereon, amounted, in July, 1908, to $2,529.-78; that on the 3d of September, 1908, he withdrew this amount from the bank; that after the account had been opened defendant, on several occasions, exhibited the passbook to her, "and acknowledged and declared to her and to other persons that the amount of the account in said savings bank was for her and intended by him to be for her, and that upon her coming of age she would be entitled to get the same as her property;" and that at the time the account was opened plaintiff was 16 years of age, and became 21 years of age on the 2d of November, 1910. The complaint further alleges that after she became of age she demanded that the funds withdrawn from the bank by the defendant be replaced or turned over to her, which was refused. The judgment asked is that the savings bank account and all the funds deposited therein, together with the interest thereon, be declared to have been an irrevocable trust created by defendant for the sole benefit of the plaintiff; that an accounting be had between the parties; and that defendant, as trustee for the plaintiff, be directed to forthwith restore and pay to her the amount found due.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900, the court formulated the rule which was to be applied in determining the rights and interests of parties in savings bank accounts similar to the one here under consideration. It said:

"A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary, without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

Under this rule the deposit in the form in which it was made created a tentative trust, revocable at will. It could be made irrevocable only (a) by some specific act or declaration by the depositor, or (b) by the death of the depositor before the beneficiary, without revocation. It is urged that this rule does not apply, since the defendant, prior to the time the money was withdrawn and the plaintiff became 21 years of age, exhibited the passbook to her, and declared to her and others that the amount of the account was for her and intended to be for her, "and that upon her coming of age she would be entitled to get the same as her property."

The passbook, according to the allegations, was not delivered to the plaintiff, and the declarations of the defendant were not, in my opinion, sufficient, within the rule above quoted, to create an irrevocable trust. At most, they indicated an intention on the part of the defendant, at the time they were made, that the plaintiff was to have the money represented by the passbook when she became 21 years of age. There are no allegations in the complaint, or any from which it can be inferred, that the defendant intended to give the fund, or any interest therein, to the plaintiff in præsenti. The declaration that the plaintiff was to have the property when she became 21 years of age negatives the idea that any present interest in the deposit was to pass to her until that time. The declaration in each instance was, "upon the plaintiff becoming of age she would be entitled to get the deposit as her property." Prior to her becoming 21 years of age, it was a tentative trust merely, revocable at will. The fact of the withdrawal of the fund before the plaintiff reached her majority was a decisive and conclusive act of disaffirmance on the part of the defendant.

Tierney v. Fitzpatrick, 122 App. Div. 623, 107 N. Y. Supp. 527, in some respects is quite like the present case. There it was sought to take the case out of the rule laid down in Matter of Totten, supra, by showing that the depositor took the passbook to the house of the plaintiff and stated to him:

"Here, Frank, here is the book. I have started an account in the bank, so if anything would happen to me you would have something to fall back upon. * * *"

And then the book was put in a safe in plaintiff's house, to which the depositor also had access. It was held that such declarations and act did not make the trust irrevocable, inasmuch as it negatived the

idea that any present interest was to pass to the cestui que trust during the lifetime of the depositor. It is true that the decision of this court was reversed (195 N. Y. 433, 88 N. E. 750), but solely upon the ground that the trial court erred in admitting evidence of declarations made by the depositor after the money had been placed in the savings bank, to the effect that the reason he had opened the account. in the form which he did was that he already had as much money in the bank in his own name as he was permitted to draw interest upon.

Matter of Pierce, 132 App. Div. 465, 116 N. Y. Supp. 816, does not seem to me to be in conflict with the views above expressed. There a father deposited money in a savings bank, in trust for ·his children, placed the passbook in a safe deposit box to which they had access, and stated that the deposit would belong to them when they arrived at their majority. After all of the children had become 21 years of age, he stated to one of his children, in reply to a request that the account be transferred to her, that the accounts already belonged to her, since she was 21 years of age, but she had better leave them, as they were so that he could take care of them when he took care of his own accounts. The accounts remained as they were until after the father's death, and it was held that the gifts became irrevocable prior to his death, and for that reason were not subject to a transfer tax. In that case there appeared a present intention on the part of the father to make the gift. They were to have the money when they arrived at 21 years of age. After they became 21 years of age, his declaration was that the money belonged to them.

The judgment appealed from, therefore, is reversed, the demurrer sustained, with leave to plaintiff to serve an amended complaint upon payment of the costs in this court and in the court below.

INGRAHAM, P. J., and CLARKE, J., concur.

LAUGHLIN, J. I am of the opinion that the proper construc-. tion of the statement by the settlor of the trust is that the trust was to terminate when the beneficiary attained the age of 21 years, and not that it was revocable. I therefore dissent.

SCOTT, J., concurs.