confer upon his wife the right of sole ownership to the deposit in the event of her surviving him. West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130; Matter of Tilley, 166 App. Div. 240, 151 N. Y. Supp. 79; Matter of Thompson, 167 App. Div. 356, 153 N. Y. Supp. 164.

[4] But this presumption of intention will be indulged in only when there is no explanation of the conditions under which the account was opened or evidence of the agreement entered into by the parties at that time. If there is evidence of such an agreement, or of the intent of the parties, there is no presumption, and the intention of the parties will be given effect. In the matter under consideration there is evidence that the decedent in having the name of his wife entered on the books of Rogers, Peet & Co. in connection with his own intended to empower her to draw money from that account if she needed it during his absence from the city. As her right to draw any money from the account was limited to that contingency, and the evidence shows that it was not the intention of the decedent to confer upon her the absolute right to the amount on deposit in the event of her surviving him, it must be held that the amount on deposit with Rogers, Peet & Co. at the time of decedent's death constituted a part of his estate, and was distributable among the next of kin in accordance with the provisions of the intestate laws.

As the order assessing a tax upon the estate provides for a distribution of the estate and a taxation of the distributive shares in accordance with this decision, the order is affirmed.

---

(92 Misc. Rep. 423)

## In re BRENNAN.

(Surrogate's Court, Kings County. November, 1915.)

TAXATION ☞879—TRANSFER TAX—PROPERTY SUBJECT—GIFT INTER VIVOS.

　　Where notice of the trust form of savings bank deposits, made by one since deceased, was given to the beneficiary, the trust became irrevocable, and the transaction amounted to a gift inter vivos, and the deposit was therefore not subject to a transfer tax.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. ☞879.]

In the matter of the appraisal under the Transfer Tax Acts of the property of John J. Brennan, deceased. From an order affixing and assessing a transfer tax, the State Comptroller appeals. Appeal overruled.

Marcus B. Campbell, of Brooklyn, for appellant.

Peter P. Smith, of Brooklyn (Joseph J. Reiher, of Brooklyn, of counsel), for respondent.

KETCHAM, S. Is a transfer tax to be imposed upon a transfer effected by the depositor in a savings bank of the decedent's money in trust for a person named in the form of the account?

The deposition of the beneficiary of the account, uncontradicted, is

that, many times previous to his death, the decedent stated to her that he had deposited such money in said account and that it belonged to her. In Matter of Reed, 89 Misc. Rep. 632, 154 N. Y. Supp. 247, Mr. Surrogate Ostrander says of a deposit upon which the comptroller claimed a transfer tax:

"The deposit made in trust for Fred S. Clute by the deceased seems to fall within the rule of Matter of Totten, 179 N. Y. 112 [71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900], Matter of Pierce, 132 App. Div. 469 [116 N. Y. Supp. 816]; Stockert v. Dry Dock Savings Institution, 155 App. Div. 123 [139 N. Y. Supp. 986], and Hessen v. McKinley, 155 App. Div. 496 [140 N. Y. Supp. 724], where it was held that when notice of the trust form of the deposit was given to the beneficiary the trust became irrevocable. The transaction amounted to a gift inter vivos, the title passed at the time, and the deposit was not taxable."

In the case last cited the fact, which does not appear in the opinion, was that, without delivery of the book representing the deposit, the decedent told the designated beneficiary that the deposit had been made in trust for her. The decision of the learned surrogate is one which this court follows with great respect and confidence.

Appeal overruled.