EMMA KUHN and Others, Respondents, v. TITLE GUARANTEE AND TRUST COMPANY, Appellant, and SOCIETE CULINAIRE PHILANTHROPIQUE DE NEW YORK and Others, Defendants.* — Order denying motion of defendant Title Guarantee and Trust Company to compel plaintiffs to serve an amended complaint reversed on the law, with ten dollars costs and disbursements, and motion granted on the ground that the plaintiffs have attempted to unite in their complaint, as a single cause of action, two entirely distinct and inconsistent causes — one being in equity to have the interests of the plaintiffs in certain certificates of participation in mortgage securities declared superior to other similar certificates held by another, and for foreclosure and sale; and the other, a cause of action for fraud and deceit in the sale of these certificates to plaintiffs. These causes of action do not arise strictly in the same transaction and the remedy sought in the latter case is not a deficiency judgment, but damages. The first cause of action is in affirmance of the contract of sale and the latter on the theory that the contract was induced by fraudulent representations and is, therefore, void, forming the bases of rescission or of damages in an action at law. (*Vail* v. *Reynolds*, 118 N. Y. 297.) The amended complaint is to be served within twenty days upon payment of costs. Kapper, Hagarty and Davis, JJ., concur; Lazansky, P. J., and Young, J., dissent and vote to affirm.

KATHRYN E. LARKIN, Now Known as KATHRYN L. MAYER, Respondent, v. THE GREENWICH SAVINGS BANK and Another, Defendants and EARL DAFFER, as an Executor, etc., of MARY LEONARD, Deceased, Appellant.— Order granting summary judgment reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The manner in which the savings bank account was opened made Kathryn E. Larkin the ostensible depositor or donor and Mary Leonard the ostensible beneficiary or donee. This

---

* Affd., 234 N. Y. 692.

is so although there is no claim by the plaintiff that the moneys thus deposited in fact belonged to her. It appears affirmatively in this record that the ostensible depositor, plaintiff, did not have possession of the bank book when Mary Leonard died, and it also appears affirmatively that Mary Leonard did have that possession and that her executor now has possession of the savings bank book. Under such circumstances, *prima facie* proof of an absolute trust in favor of the deceased beneficiary appears in this record, under *Matter of Totten* (179 N. Y. 112, 125), subject to such evidence as plaintiff may adduce (if not barred by section 347 of the Civil Practice Act) of the terms of the trust if they militate against decedent's right to the money on any theory which may arise in the evidence. *Prima facie* it appears that the depositor had made a tentative trust in favor of Mary Leonard and had completed the gift and made the trust absolute by delivery of the pass book to the ostensible beneficiary. The circumstances of the transactions between the parties may shed light on its true nature and show to whom the money belongs. It may not be said that plaintiff is entitled to summary judgment in the absence of such proof, which should be adduced on a trial. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.