In the Matter of the Estate of MARTHA STITES, Deceased.

Surrogate's Court, Westchester County, June 24, 1936.

*Milbank, Tweed, Hope & Webb,* for the executor, Chase National Bank of the City of New York.

*Hall, Cunningham, Jackson & Haywood [Charles A. Voss* of counsel], for the claimant.

SLATER, S. This opinion has to do with the rejected claim of Anna Stites Conover. The parties have stipulated as to the facts. It appears that the decedent opened an account in the Westchester Trust Company in her name in trust for Anna Stites Conover, her niece and the claimant herein. Subsequent to this time and in July, 1934, the Westchester Trust Company was taken over by the Superintendent of Banks for the purpose of liquidation. At the time of the taking over of the bank for liquidation, the balance in the trust account was the sum of $2,139.63. The decedent died January 8, 1935, at which time the balance of said account was $1,283.79. Prior to decedent's death she had received dividends or distributions in liquidation of said trust account in the sum of $855.84. At the time of the reception of the dividends the decedent was bedridden and her business was transacted by her niece, Mabel Stites Laird, under a power of attorney. Mrs. Laird deposited the liquidating dividend checks in a new account in the Central National Bank of Yonkers in the name of the decedent, without any trust provision for the claimant. Deposits and withdrawals were made by the decedent in this account. Upon the date of decedent's death there was in the Central National Bank a sum sufficient to meet the claimant's demands, which amount was collected by the accounting executor and which it now holds.

The executor has recognized the right of the claimant as a beneficiary of the trust in the balance of $1,283.79 now in the liquidated bank, the Westchester Trust Company.

The deposit made by the decedent in trust for the claimant established during the lifetime of the depositor a tentative trust, revocable at will until the depositor should die or complete the gift in her lifetime. Upon the death of the depositor before the beneficiary, without revocation or some decisive act, or declaration, of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. Such a deposit is known in this State as a " Totten Trust." (*Matter of Totten,* 179 N. Y. 112.)

Such a deposit in a bank creates the relationship of debtor and creditor between the fiduciary and the bank. (*Matter of Holden,* 264 N. Y. 215.)

In the instant case the decedent never disaffirmed or revoked the trust. Whatever was done with the funds was done without her act. The bank had received the money impressed with the trust, whether in liquidation or otherwise. It so remained, whether in its hands or in the hands of others. The fund, in whole or in part, is charged with the same trust that she had created when the fund was deposited. When the fund was carried into the Central National Bank by her attorney in fact, in equity it was still impressed with the trust in favor of the beneficiary, subject to disaffirmance or revocation of the trust, which, in the instant case, never occurred. Only the maker could destroy it.

The sum of $855.84 on deposit in the Central National Bank of Yonkers taken over by the decedent's executors is the money of the claimant.

The claim is allowed.