BERTHA KLOEPPEL, Plaintiff, *v.* RUDOLPH KLOEPPEL, Defendant.

Supreme Court, Special Term, Queens County, October 24, 1939.

*Jacob I. Horowitz,* for the plaintiff.

*Kellogg, Emery & Inness-Brown* [*James F. Dwyer* of counsel], for the Standard Oil Company of New Jersey, appearing specially, opposed.

FROESSEL, J.  In an action for separation brought by plaintiff, an order of this court entered January 24, 1939, directed defendant to pay the sum of $160 per month temporary alimony and $150 counsel fee.  He has paid nothing by way of counsel fee, and is in arrears $550 in alimony.  Plaintiff now brings three motions: (1) To punish defendant for contempt; (2) to amend the complaint, etc.; (3) to direct his employer to deduct alimony from defendant's salary.

(1) The motion to punish for contempt, though unopposed, must be denied.  The defendant follows the sea, and apparently does not come into the jurisdiction of this court.  Plaintiff's counsel recognized, as he states in his brief, that " Contempt proceedings against the defendant are fruitless, at least for the time being, because he is out of the State and on the high seas."  It has been held, under such circumstances, that a contempt order should not be granted, as " the court will not do a futile thing."  (*Wulff* v. *Wulff,* 151 App. Div. 22.)  Moreover, the order to show cause herein required service of a certified copy " upon the defendant."  The affidavit of service *by the plaintiff* shows service by leaving the papers in a sealed envelope addressed to defendant, at his employer's office, which was closed at the time.  Such service is insufficient.  (Rules Civ. Prac. rule 20.)

(2) The motion to amend the complaint and to enjoin defendant and the sheriff of Queens county with respect to an action brought by the defendant in Texas, must also be denied, though defendant does not oppose.  What plaintiff seeks is to join an injunction action with a separation action in a supplemental (not an amended) complaint.  But, again, the service is made *by the plaintiff* on *seven* days' notice to the defendant, in the same manner as aforesaid. This is insufficient.  (Rules Civ. Prac. rules 20, 60.)  Moreover, the sheriff has had no notice of this motion.

(3) Motion for an order directing defendant's employer to deduct $160 per month from the defendant's wages.  Here, likewise, the defendant does not oppose, but service upon him is likewise defective inasmuch as it is made *by the plaintiff* in the same manner as aforesaid, and only *six* days before the return day.  Furthermore, the employer, to whom the notice of motion is also addressed, appears in opposition and questions the jurisdiction of this court over it (*Valentine* v. *Williams, Inc.,* 223 N. Y. 574.)  Moreover, I know

of no authority for the granting of the relief prayed for, nor does plaintiff's counsel. He simply relies upon the phrase " as justice requires " in section 1170 of the Civil Practice Act. But, of course, this language does not authorize the court to do justice regardless of the law. While contempt is fruitless at this time, as hereinbefore pointed out, and sequestration is unavailable (*Patterson* v. *Patterson*, 251 App. Div. 272), plaintiff's counsel is in error when he states that a judgment may not be entered based upon the order for temporary alimony. Section 1171-b of the Civil Practice Act, effective September 1, 1939, now permits the enforcement of such an order by execution and garnishment. The plaintiff may also have relief under our criminal statutes. In any event, the present application must be denied.