Moses Bascombe, Plaintiff, *v.* Clarence Sargent, Defendant.

Supreme Court, Special Term, Queens County, May 6, 1949.

*Lawrence R. Bailey* for plaintiff.

*Eli N. Horin* for defendant.

Daly, J. The plaintiff in this action is the uncle of the defendant. He seeks judgment that the " defendant be adjudged to have purchased and to now hold " certain property described in the complaint and known as premises 106–18 162nd Street, Jamaica, Queens County, New York, " as trustee for the benefit of plaintiff, that he execute and deliver to plaintiff a conveyance of said premises." The defendant's answer consists of a general denial and contains a counterclaim for an accounting by the plaintiff of all moneys received and disbursed in connection with the property which is the subject of this suit.

The plaintiff placed the property in the name of the defendant by deed duly recorded on June 13, 1945, at a time when the defendant was under age and in the military service of the United States. He became of age in September 1946, and, according to the plaintiff he had a conversation with him on January 31, 1947, wherein he demanded that the property be deeded back by the defendant in fulfillment of his alleged understanding that the property was to remain in the defendant's name until he had reached the age of twenty-one. The defendant denied any such conversation or any such understanding. He stated that he did not know that the property was in his name until he received a letter from his mother sometime in 1945, and that he refused to return the property.

It is clear from the evidence that the defendant paid no consideration for the property, but that the plaintiff placed it in his name for the purpose of concealing his assets at the time when his wife was attempting to obtain support from him in the

family division of the Domestic Relations Court of the City of New York. Lord Mansfield, as far back as *Holman* v. *Johnson* (1 Cowp. 341, 343), held as follows: " No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If, from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causa,* or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes; not for the sake of the defendant, but because they will not lend their aid to such a plaintiff.''

In *Pierce* v. *Pierce* (253 App. Div. 445, affd. 280 N. Y. 562), the Appellate Division of the Second Department, held that property transferred by a plaintiff to a defendant for the purpose of defeating a deficiency judgment in an action to foreclose a mortgage executed by the plaintiff, could not be recovered in equity under an alleged promise to convey, even though the defendant was a party to the fraud.

In *Sorrentino* v. *Sorrentino* (75 N. Y. S. 2d 813, affd. 272 App. Div. 1067), the court held, that a debtor's transfer of assets to his son for the purpose of avoiding his obligation to his creditors was contrary to good morals, public policy and the law, and that the debtor thereafter seeking specific performance of an alleged oral agreement to reconvey and retransfer the property was not entitled to any relief. The Appellate Division, Second Department, has reiterated this recently in *Kalman* v. *Kalman,* decided March 14, 1949 (275 App. Div. 715). There a husband allegedly purchased realty and placed title in his wife's name under an oral agreement of his wife to reconvey the property to him whenever he wanted it. The court held he was not entitled to relief in equity, directing his wife to execute a deed back to him if the taking of title was part of the husband's general design to avoid detection of illegal black market dealings and tax fraud.

I am of the opinion that the foregoing principles apply with equal force to this plaintiff. A husband is bound to provide for his wife and children " whatever is necessary for their suitable clothing and maintenance according to his and their situation and condition in life '' (*DeBrauwere* v. *DeBrauwere,* 203 N. Y. 460, 465). Such obligation " springs from the marital relationship itself, and, while perhaps not susceptible of exact definition or precise measurement, requires the husband to support her in conformity with his condition and situation in life '' (*Haas* v. *Haas,* 298 N. Y. 69, 71). The conduct of the plaintiff in concealing his assets for the purpose of escaping the enforcement of his obligation to support his wife, is as much contrary to good

morals, sound public policy, and the spirit and letter of our laws, as is the concealment of assets of a debtor for the purpose of defeating the just claims of his creditors; neither is entitled to the aid of a court of equity.

It follows that the complaint is dismissed on the merits without costs. The counterclaim of the defendant, however, is also dismissed on the merits without costs.

Settle judgment on notice.