Action to impress a trust upon real property, a title to which is held by defendant, and to direct the latter to convey the same to plaintiff. Judgment dismissing complaint on the merits unanimously affirmed, with costs. The finding that plaintiff placed the property in the name of defendant for the purpose of concealing assets is disapproved and struck out. It is further found that defendant had never agreed, prior to conveyance of title to him, to convey the property to plaintiff and that there is no proof that a fraudulent abuse of confidential relationship between the parties caused the plaintiff to vest title in the name of defendant. There is no proof warranting the finding of unworthy motive of plaintiff in causing conveyance to be made to defendant. There is, however, no dispute that the conveyance was not based on the promise of defendant, expressly or impliedly, under cover of confidential relationship,, to reeonvey. (Cf. Wood v. Babe, 96 N. T. 414; Foreman v. Foreman, 251 N. T. 237.) At the time of the conveyance, defendant was away in the armed service, did not participate with respect thereto in any manner and made no promise prior to the conveyance or contemporaneously therewith to reeonvey. Under these circumstances, no exception exists which- would warrant the declaration of a trust in the absence of a writing (Real Property Law, § 242; Wood v. Babe, supra, p. 421), even though payment of the purchase price was made by plaintiff. (Real Property Law, § 94; Foreman v. Foreman, supra, p. 241.) Present — Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ. [195 Misc. 328.] [See post, p. 1006.]