FRANCES McKENDRY, Plaintiff, *v.* JOHN McKENDRY, Defendant.

Supreme Court, Special Term, Monroe County, March 5, 1951.

*Percival W. Gillette* for plaintiff.

*William L. Clay* for defendant.

ROBERTS, J. The action was brought by the plaintiff to obtain a separation from the defendant who resides in the State of Florida. On May 3, 1950, an order was made sequestering the property of the defendant within the State of New York pursuant to section 1171-a of the Civil Practice Act, which order appointed the plaintiff, Frances McKendry, the receiver and sequestrator of such properties. A small checking account in the Oswego County National Bank together with a mortgage owned by the defendant have already been turned over to the plaintiff as receiver.

The present application is for an order to require the Oswego County National Bank to deliver to the plaintiff as receiver the contents of a safe deposit box standing in the name of the defendant and to require the Monroe County Savings Bank of Rochester, N. Y., to turn over to said plaintiff as receiver

two accounts in that bank. No objection is made to the delivery of the contents of the safe deposit box so that the only question arising on the motion relates to the two accounts in the Monroe County Savings Bank. One is Account No. 45229 standing in the name of John A. McKendry in trust for Clifford F. McKendry, which account prior to the crediting of interest due December 1, 1950, amounted to $6,371.30. The other account, No. 45247, is in the name of John A. McKendry in trust for Lillian Jean McKendry, which account prior to the crediting of the December 1, 1950, interest amounted to $6,371.31.

The plaintiff claims that these are Totten trusts and that the beneficiaries have no interest therein prior to the death of the defendant and hence that the same are subject to sequestration.

The right to sequester property under section 1171-a of the Civil Practice Act is limited to that property which belongs to the husband without any reasonable question. This section does not authorize the court upon affidavits to determine the title to property or the right to collection of disputed debts. (*Rosenberg* v. *Rosenberg,* 259 N. Y. 338.) It is generally true that property rights must be determined by action and not summarily upon affidavits where they are substantially disputed or where an arguable controversy exists. (*Kenney* v. *South Shore Natural Gas & Fuel Co.,* 201 N. Y. 89; *Matter of Delaney,* 256 N. Y. 315; *Esbeco Distilling Corp.* v. *Block,* 258 App. Div. 757; *Powley* v. *Dorland Bldg. Co.,* 256 App. Div. 934.)

The plaintiff's right to the relief which she here seeks depends therefore upon whether or not there is a reasonable or arguable controversy as to the defendant's present right to the two bank accounts. If there is, the question cannot here be determined upon affidavits but must be left to be decided by a trial court in an appropriate action.

In *Matter of Totten* (179 N. Y. 112, 125–126) the rule pertaining to this type of bank account was stated as follows: " A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary." The rule thus simply stated has ever since been clearly recognized by the courts of this State. The difficulties which the courts have encountered have not been with the rule itself but with the application of the rule to varying sets of circumstances.

A statement of the rule itself recognizes that a tentative trust so created by a depositor can become irrevocable during the life of the depositor by some unequivocal act or declaration. The court suggests that such unequivocal act or declaration may consist of the delivery of the passbook or notice to the beneficiary.

Without attempting any complete review of the many decisions since the *Matter of Totten* (*supra*) it is sufficient to note that the courts have recognized that an irrevocable trust can be created during the life of the depositor by the delivery of the bank book to the beneficiary (*Larkin* v. *Greenwich Sav. Bank,* 244 App. Div. 756, affd. 271 N. Y. 569; *Stockert* v. *Dry Dock Sav. Inst.,* 155 App. Div. 123; *Matter of Davis,* 119 App. Div. 35), and also by an unequivocal statement of the depositor sufficient to create a present trust for the named beneficiary (*Matter of Pierce,* 132 App. Div. 465; *Matthews* v. *Brooklyn Sav. Bank,* 151 App. Div. 527; *Matter of Reed,* 89 Misc. 632; *Matter of Brennan,* 92 Misc. 423).

Surrogate WINGATE wrote two interesting opinions indicating that an irrevocable trust can be created during the life of the depositor by either of the two methods above indicated. (*Matter of Smith,* 177 Misc. 601; *Matter of Vaughan,* 145 Misc. 332.) In the opinion in the latter case after a review of many of the earlier decisions, the court says (p. 339): "Read in connection with the cases cited by the court as authorities for its position, it becomes apparent, therefore, that the true meaning of the stated examples of ' some unequivocal act or declaration ' requisite to the transformation of the tentative trust into an irrevocable one, namely, (a) ' delivery of the pass book ' and (b) ' notice to the beneficiary,' refer, in the former instance, to a completed gift *inter vivos,* which would transfer the legal dominion over the account to the donee, and in the latter, to an unequivocal statement of the depositor that the amount of the account was held by the depositor on a present trust for the named beneficiary." It has likewise been held that a declaration sufficient to create an irrevocable trust must show an intention to create a present interest in the beneficiary during the life of the depositor and not an interest which would arise only after his death. (*Hessen* v. *McKinley,* 155 App. Div. 496.)

In all of the cases construing such trusts, the question is purely one of intent to be determined as a question of fact in view of the established legal principles. (*Tibbitts* v. *Zink,* 231 App. Div. 339.)

It now becomes necessary to examine the affidavits presented on this motion to determine whether there has been any unequivocal act or declaration set forth which would transform these tentative trusts or either of them into an irrevocable trust. If not, the accounts belong to the defendant and hence would be subject to sequestration.

The beneficiaries, viz., Clifford F. McKendry and Lillian Jean McKendry, who is now married and whose marriage name is Lillian McKendry Kuehl, are children of the defendant by a prior marriage. The accounts were opened on or about November 20, 1946, long before the commencement of the present action. It apparently is conceded that the defendant has made no withdrawals from said accounts either of principal or of interest subsequent to the time the same were opened.

Frequently controversies of this type arise after the death of the depositor and the intention with which the deposits were opened must be gathered from surrounding circumstances. Here the depositor is not only alive but a defendant to this action and submits an affidavit in which he states " he intended at the time of the aforesaid deposits that the sum so deposited was a trust fund for the beneficiaries designated who are his children by his former marriage and that at all times he has intended and understood that these deposits constituted a trust fund for his children and that is the reason the deposits were designated in trust for his children and he at all times considered himself only the trustee ". The defendant in his affidavit further states that on various occasions " he has told his children, the beneficiaries of the respective trusts, that he had created or set up for them this trust fund and that he wanted them to have it ". The defendant in his affidavit further claims that he has exercised no control over either of the deposits, that he has showed the bank book to his son Clifford and told him that the moneys were trust funds for him and his sister; that he does not have the bank books in his possession but they are located where they are accessible to the beneficiaries and that he has at various times stated to others that he had set up a trust fund for his children, referring to the accounts in question. He further states positively that the accounts in question are not his property. The son, Clifford F. McKendry, has made two affidavits, one of which has been submitted on behalf of the plaintiff and one on behalf of the defendant. In the affidavit submitted by the plaintiff, the son states that he does not have possession of the passbook and to the best of his information

the passbook is in the possession of the defendant. He also alleges on information and belief that no passbook was ever delivered to his sister and that the same is now in the possession of the defendant. In the affidavit submitted on behalf of the defendant, he states that in the year 1947 or 1948 his father showed him the bank book and stated that he had set up a trust for him and his sister in the amount of $6,000 each and that his father indicated that he wanted them to get it in the event anything happened to him.

The defendant also submits two affidavits from Lillian McKendry Kuehl, in the first of which she states that in the year 1949 her father told her that he had set up a trust fund for her in the Monroe County Savings Bank and indicated that if anything happened to him, he wanted her to have it; that her father stated that the trust fund was in the sum of $6,000. She states further that in the year 1950 her father told her he had set up a trust fund for her in the Monroe County Savings Bank in the sum of $6,000, which trust fund was still there. In her affidavit *she makes claim to the fund* and requests that her rights be protected. In the second affidavit submitted by the daughter, she states that she is in possession of the bank book for the account which was opened in the name of her father in trust for herself and that she intends to retain possession thereof.

The affidavits do not show how the daughter obtained possession of the passbook or whether it was delivered to her by her father or what if any conversation took place at the time of such delivery. Neither do the affidavits purport to state the exact words used by the father in making the declarations to his children that he had created trust funds for them by means of the two deposits. No facts are set forth showing the family status or any of the surrounding circumstances pertaining to the defendant and the two children at the time the two accounts were opened. The plaintiff may claim that the statements or some of them in the affidavits are prompted by a present desire to defeat her attempt to sequester the accounts. This again goes to the question of the true intent of the depositor which is a question of fact. The very reading of the affidavits suggests the difficulty of summarily determining the ownership of these accounts without the benefit of the testimony and cross-examination of the various witnesses.

In *Larkin* v. *Greenwich Sav. Bank* (241 App. Div. 874) it appeared that the plaintiff had opened an account in the defend-

ant bank in her name in trust for one Mary Leonard. After the death of the beneficiary, the plaintiff brought an action to recover the deposit, naming the bank and the executor of the deceased beneficiary as defendants. The court reversed an order of the Special Term, granting the plaintiff's motion for summary judgment. It was pointed out that the mere fact that the bank book was in possession of the beneficiary at the time of her death, created a prima facie case that there had been a completed gift and that the trust had become irrevocable. In a memorandum opinion the court said (p. 875): '' The circumstances of the transactions between the parties may shed light on its true nature and show to whom the money belongs. It may not be said that plaintiff is entitled to summary judgment in the absence of such proof, which should be adduced on a trial.'' It is interesting to note that the issues were thereafter tried and resulted in a judgment dismissing the complaint and awarding the deposit to the executor of the deceased beneficiary. (*Larkin* v. *Greenwich Sav. Bank,* 244 App. Div. 756, affd. 271 N. Y. 569, *supra.*)

In view of the affidavits here submitted, a reasonable question has been raised as to whether the defendant is entitled to these accounts. The mere fact that the daughter has possession of the bank book with reference to one account would seem to create prima facie proof that an irrevocable trust had been created for her. The declarations of the depositor and the statement of his intent creates a substantial dispute or at least an arguable controversy as to both accounts. Under such circumstances the court cannot under a sequestration proceeding pursuant to section 1171-a of the Civil Practice Act order such accounts turned over to the plaintiff receiver.

Motion insofar as it requests an order directing the Oswego County National Bank to deliver to the plaintiff as receiver the contents of a safe deposit box standing in the name of the defendant granted upon condition that the plaintiff as receiver pay the expenses, if any, of the bank in connection with the opening of said box and except as granted, the motion is denied, without costs. Submit order.