James J. Crisona, J.
In a separation action, the duly-appointed receiver in sequestration moves, pursuant to section 1171-a of the Civil Practice Act, to require Manhattan Color Laboratory, Inc., hereinafter called Manhattan, and/or its president, Selwyn Bobbins, to deliver to him certain sums of money allegedly belonging to the defendant.
The defendant had owned stock in Manhattan, but shortly before this action for separation was commenced he entered into an agreement in which Manhattan contracted to redeem his stock. The agreement provided in pertinent part that $40,800 was to be paid to redeem the defendant’s stock. This payment was to be made “ simultaneously with the execution of this agreement ” and, in addition, in this agreement Manhattan covenanted to employ the defendant for a “ period of four (4) years commencing January 1, 1961 # * in the capacity of sales representative and consultant at a salary of $10,000.00 per year for the first two (2) years, payable in equal weekly installments and $7,500.00 per year for the second two (2) years also payable in equal weekly installments.”
It appears that contrary to the contract provision the $40,800, the price agreed upon for the redemption of the stock, was not totally paid “ simultaneously with the execution of [the] agreement.” The president of Manhattan delivered to the receiver checks totaling $1,300 which was claimed by Manhattan and its president to be the remainder of the moneys due the defendant for the redemption of his stock. The receiver claims that there are also four additional checks for $100 each that were delivered to the defendant as a further payment for the redemption of his stock; although these checks were delivered, they had not cleared through Manhattan’s bank account and its president Bobbins agreed to stop payment on these checks and pay over the sum to the receiver. It is also claimed by the receiver that there is an additional $1,000 due the defendant on account of the redemption price. Finally, it is claimed that the alleged employment contract which is part of the agreement involved herein was in fact not an employment contract but a subterfuge to avoid the sequestration of these moneys by attempting to change them into salary payments; and that such moneys are actually part of the redemption price for the stock. The receiver requests that they be turned over to him in weekly installments as they become payable.
*857 The corporation and its president deny that they owe the defendant $1,400. They contend that they have cancelled checks and other writings to substantiate this claim. They further contend that the employment contract which was part of the agreement herein was not a subterfuge to avoid sequestration but rather a provision important to the corporation inserted in the agreement to insure that the defendant, who had extensive customer contacts, would not enter a competing business.
The defendant husband has appeared specially by attorney to object to the order to show cause served upon his attorney on the ground that it failed to include the return date and the date by which service was to be made. The original order to show cause that initiated this motion provided for service only on Manhattan Color Laboratory, Inc., and Selwyn Bobbins and did include the necessary dates. It does not appear that the copies of the order to show cause served upon the aforementioned Manhattan and Bobbins were in any way defective and, in fact, Manhattan and Bobbins submitted opposing affidavits. The fact that an incomplete copy of the order was served upon the defendant does not affect the validity of that order since service upon defendant was not required. (See, generally, Paddock v. Palmer, 32 Misc. 426; Patillo v. Patillo, 12 Misc 2d 645.)
The right to sequester property pursuant to section 1171-a is limited to that property which belongs to the husband without any reasonable question. This section does not authorize the court to determine the title to property or the right to collect disputed debts on affidavits. (Rosenberg v. Rosenberg, 259 N. Y. 338, 342; McKendry v. McKendry, 200 Misc. 835, appeal dismissed 108 N. Y. S. 2d 1006.) If there is a reasonable controversy a,s to the defendant’s rights to certain property, this controversy must be determined by an appropriate action. (See Rosenberg v. Rosenberg, supra; Myers v. Myers, 131 Misc. 318, affd. 225 App. Div. 776.)
A husband’s earnings subsequent to the appointment of a receiver are not subject to sequestration. (Patterson v. Patterson, 251 App. Div. 272; Kloeppel v. Kloeppel, 172 Misc. 630, 632.) There is a reasonable question as to whether the $35,000 due under the employment contract is to be deemed earnings or is in fact part of the price for the redemption of the stock and it is apparent that the $1,400 is a disputed debt.
Accordingly, the motion is denied without prejudice to an appropriate plenary action by the receiver to determine the defendant’s title to the moneys involved herein.