Birdie Amsterdam, J.
The plaintiff, Thelma Tuitt, individually and as receiver of the personal property and rents and profits of the real property of James Martin Tuitt, and also as administratrix of the estate of the said James Martin Tuitt, now deceased, and the plaintiff Tuitt Realty Corp., sue to set aside four alleged transfers of real property. The sole moving defendant here is Eleanor Tuitt, who is the grantee of a deed of a piece of property acquired from the plaintiff Tuitt Realty Corp. Her motion is brought for the following relief, as to herself: (1) to dismiss each of the eight causes of action, for insufficiency and failure to state causes of action, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice; (2) to dismiss the first, second, third, fifth and seventh causes of action, for lack of jurisdiction by the court, pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice; (3) to dismiss the causes of action of Thelma Tuitt, as administratrix (third, fifth and seventh), and as sequestration receiver (fourth, fifth and seventh), for lack of legal capacity to sue, pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice; (4) requiring plaintiff, Thelma Tuitt, to elect between her causes of action.
The factual chronology, gleaned from the eight causes pleaded in the complaint, portrays the following: The plaintiff, Thelma Tuitt, was married to J ames Martin Tuitt on September 9,1950. On October 4, 1956, she commenced an action for separation against him and simultaneously moved for alimony pendente lite and counsel fees. Prior to October 4, 1956, Tuitt Realty Corp., of which James Martin Tuitt was president and sole stockholder, owned real property, hereinafter referred to as parcels A, B and C, and James Martin Tuitt owned parcel D. During the pen *420 dency of the aforesaid motion for temporary alimony, to wit, on October 22, 1956, James Martin Tnitt, as president and sole stockholder of the corporation, conveyed parcel A to the moving defendant, parcel B to the defendant Ina Tnitt, parcel C to the defendant Hannah Tuitt, and parcel D he conveyed to the defendant Josephine Tuitt, rendering him insolvent. In the said separation action, by order of the court dated December 11,1956, the plaintiff Thelma Tuitt was awarded various sums of money for temporary alimony and counsel fees, and she was therein appointed on March 1, 1957, receiver in sequestration of his property. On April 22, 1957, she entered judgment against him for the sum of $3,125, for alimony arrears. Between April 22, 1957 and October 28, 1958, various sums totaling $10,000, for alimony pendente lite and counsel fees, were unpaid. The said James Martin Tuitt died intestate on October 28,1958. Prior to, during and after the aforesaid conveyances, to the date of his death, James Martin Tuitt, either individually or through the corporation or other persons, exercised complete operation and control of said properties. Limited letters of administration were issued to Thelma Tuitt on November 21, 1958, and she instituted the instant action wherein it is sought to set aside the afore-cited conveyances made by Tuitt Realty Corp. and by decedent to the defendants herein, on the grounds that they were calculated and did deprive the plaintiff, Thelma Tuitt, from obtaining moneys due her; that the conveyances were made in fraud of the rights of the plaintiff as a creditor of the said James Martin Tuitt and the corporation; that James Martin Tuitt died leaving him surviving the plaintiff and his mother, one Bridget White; so that, as widow, plaintiff’s share in his estate is $5,000 plus one half of the net estate, and his mother’s interest is one half less $5,000 of the net estate; that plaintiff, as administratrix, is charged with the duty to recover for the beneficiaries and creditors of the estate the entire amount due said estate; that she is a court-appointed receiver of his personal property and of the rents and profits of his real property, but has not received any moneys in payment of the sums due her.
Defendant, on this motion, urges that the complaint is defective in that it fails to allege that Thelma Tuitt as a “ judgment-creditor ” or as an unpaid temporary ‘ ‘ claimant ” or as “ sequestration receiver ” or as “ administratrix” or as “ spouse ” or as “widow” ever had any claim against Tuitt Realty Corp., this defendant’s transferror; that such allegation is required because only a creditor can sue to set aside a fraudulent transfer; that the absence of any allegation of “indebtedness ” by Tuitt Realty Corp. to any of the plaintiffs renders the complaint *421 insufficient as to this moving defendant. It is further argued that with the death of James Martin Tuitt in October of 1958, all claims for unpaid alimony and any cause of action predicated upon such claims abated.
_ These arguments are untenable. The origin of the present situation stems from the separation suit, hereinbefore mentioned, between plaintiff Thelma Tuitt and her husband, James Martin Tuitt. There, she obtained an award of alimony and counsel fee, and during the pendency of that action she obtained, further, a judgment for arrears of same and was thereafter appointed receiver in sequestration of his property — all before his death on October 28, 1958. The law is established that a judgment in a matrimonial action does not terminate a prior sequestration order in the action, entered to aid and compel performance of a temporary alimony order (Mazer v. Mazer, 276 App. Div. 733, mod. 301 N. Y. 774). Such proceedings remain alive notwithstanding a final judgment, and the doctrine of merger has no application to such proceedings instituted before final judgment (Mazer v. Mazer, supra). To hold that a sequestration order, obtained before a judgment, becomes a nullity with the entry of judgment, would reward a defaulting or absconding husband rather than subject him to liability for disregarding orders of the court for the support of his wife and issue (Mazer v. Mazer, supra). (See Myers v. Myers, 131 Misc. 318, affd. 225 App. Div. 776; Matter of Berkowitz, 170 Misc. 334.) In Corpus Juris Secundum (vol. 75, Deceivers, § 93) it is stated that “ The mere termination of the suit by abatement * * '* does not ipso facto operate to discharge the receiver; he is not relieved from his duties and responsibility to the court * * * he may be continued when it is necessary for the protection of rights properly involved”. (See, also, McCosker v. Brady, 1 Barb. Ch. 329, 346, affd. 1 N. Y. 214.) Thus, there is authority for the principle which established that the receiver, in a matrimonial action, appointed pursuant to section 1171 of the Civil Practice Act to collect the rents, income and profits of a husband in default of payments required for temporary alimony and counsel fees, survives the abatement of the matrimonial action; that the matrimonial action does not abate for all purposes on the death of one of the parties, and that the receivership survives the judgment in the matrimonial action (Dye v. Dye, 93 N. Y. S. 2d 95).
The moving defendant’s contention that plaintiff, as administratrix, and as sequestration receiver, lacks legal capacity to sue, is likewise without merit. By section 268 of the Deal Property Law, the plaintiff, as administratrix of her husband’s estate, *422 can, in her own capacity as such, sue to set aside fraudulent conveyances made by the decedent. Under this statute, creditors include the administrator or administratrix. Accrued unpaid alimony is certainly within the ambit of a debt due and constitutes the unpaid wife as a creditor of the husband for purposes of the provisions of the Debtor and Creditor Law. The remedy provided by section 268 of the Real Property Law is broadly construed (National Bank of West Troy v. Levy, 127 N. Y. 549; Matter of Haber, 151 Misc. 82). Accordingly, there is ample authority for the right of this administratrix to sue as such on behalf of creditors, including herself, to set aside fraudulent conveyances by the decedent in fraud of his creditors. The plaintiff, as a wife and judgment creditor seeking arrears of alimony due, has a right to sue to set aside all of the conveyances made by her husband in fraud of her rights (Debtor and Creditor Law, § 276; Ann. 49 A. L. R. 2d 527, 556-567; Ann. 64 A. L. R. 466, 496; Enthoven v. Enthoven, 167 Misc. 686, affd. 256 App. Div. 813; see, also, Bascombe v. Sargent, 195 Misc. 328; Caldwell v. Caldwell, 259 App. Div. 845).
As heretofore stated, the husband was the sole owner of the stock of Tuitt Realty Corp. at the time the parcels heretofore mentioned were conveyed to the individual defendants. By reason of these undisputed facts, the conveyances are, in law, to be considered the conveyances of the husband, which may be set aside by the wife, the plaintiff herein, upon a showing of intentional fraud by him upon her rights (Essex v. Essex, 282 App. Div. 715). The conveyances by the husband and his personal corporation, in effect an attempt by the husband to divest himself of all his assets and property, coming hard on the heels of the motion for temporary alimony and counsel fees, is presumptively suspect as a conveyance with intent to defraud the wife as a future creditor under her rights to alimony (Pearce v. Pearce, 129 N. Y. S. 2d 415).
Lastly, the plaintiff is not required to elect her causes of action and this court has jurisdiction and authority of the subject matter of the causes of action herein stated.
For the foregoing reasons, the motion is in all respects denied.