James H. O ’Connor, J.
A motion has been made by the executors of the will of Thomas W. Murphy, deceased, brought on by order to show cause, seeking the vacation of certain provisions of a sequestration order of this court which was granted March 15, 1968. They seek to vacate only that much of the sequestration order which concerns them as executors of the estate as aforesaid, or any property subject to their control as such executors.
The sequestration order herein sought to be vacated was granted ex parte by this court and directed the appointment of a receiver empowering him to take into his possession the personal property of the defendant, Oliver A. Murphy, herein in conjunction with a certain matrimonial action which was commenced subsequent to the granting of said order. The order further directed the executors mentioned above to deliver and turn over to the receiver all moneys, stocks and bonds and other property in their possession or under their control, due or to become due to the defendant in the above action. In effect it directed the executors to turn over to the receiver approximately $873,000, being the share of the Thomas W. Murphy estate distributable to the defendant herein.
The executors move to vacate the order of sequestration on the ground that there existed a valid assignment dated May 11, 1967 assigning the defendant’s interest in his deceased father’s estate to a Cleveland, Ohio bank as trustee of an inter vivos trust. The trust agreement provided for the payment of income *948 therefrom to the defendant for life with a remainder interest passing to his daughter, Catherine. The trust agreement provided that the trustee could invade the principal of the trust when necessary to maintain the defendant’s standard of living; that the defendant could amend or modify the trust and could even revoke the trust in all or in part. The assignment was executed, filed and recorded in accordance with EPTL 13-2.2 and actual notice of the assignment was given to the executors. While this is the basic argument of the executors to vacate the sequestration order, they also argue that they were not a party to the action and were not given notice or any opportunity to be heard in respect to the sequestration order involved herein. Therefore they argue that the order cannot be constitutionally applied to them since it would be in violation of the due process requirements of the Federal and New York State Constitutions.
Since it is the decision of this court that the sequestration order should be vacated as to the executors of the estate of Thomas W. Murphy, it is unnecessary for this court to reach the constitutional issue. The essential argument to be decided herein is whether or not the defendant, Oliver A. Murphy, had property within the State of New York which is subject to an order of sequestration. Section 233 of the Domestic Relations Law does not define what is meant by “ his property ”, so it is incumbent upon this court to decide whether the assignment of the defendant’s interest to an out-of-State trustee some 10 months prior to the issuance of the sequestration order, exempts property flowing thereunder from sequestration.
The plaintiff claims that the defendant retained a property interest in the estate in spite of the execution of the assignment, on the ground that the transfer in trust was illusory; that the order is void as to the plaintiff pursuant to EPTL 7-3.1 in that the plaintiff is alleged to be a creditor of the defendant; that the trust is fraudulent as to the plaintiff, and simply that the defendant retains a property interest in the estate of his deceased father notwithstanding any assignment.
Even under the law of the State of New York it is questionable whether the transfer in trust under the assignment in the instant case is illusory under the doctrine expostulated in the case of Newman v. Dore (275 N. Y. 371) upon which the plaintiff relies. In that case the testator created an inter vivos trust where he reserved not only the income for life together with the power to revoke the trust but also made the trust subject to his control during his lifetime. In addition the court was considering the wife’s right of election to take against the will of a testator who attempted to disinherit her by executing inter vivos trusts with *949 terms as indicated above. The court said (p. 380): ‘1 We assume, without deciding, that except for the provisions of section 18 of the Decedent Estate Law the trust would be valid.” Moreover, the court said (p. 381): “ Question of whether reservation of the income or of a power of revocation, or -both, might even without reservation of the power of control be sufficient to show that the transfer was not intended in good faith to divest the settlor of his property must await decision until such question arises.”
In any event the question of the illusoriness of the trust itself should be resolved by Ohio law since the trust agreement was executed in Ohio, the defendant resides therein, and the trustee is an Ohio institution. The trust has greater contacts in that State than here.
Nor can it be said that the trust is void as a violation of EPTL 7-3.1, since it has been held that a wife is not a creditor of her husband by the mere fact of her marriage alone unless the right of payment has been fixed by a separation agreement, a matrimonial decree, or a judgment for arrears. (Enthoven v. Enthoven, 167 Misc. 686, affd. 256 App. Div. 813; Bowler v. Bowler, 46 Misc 2d 821; Tuitt v. Tuitt, 36 Misc 2d 418.) This court holds that the plaintiff is not a creditor within the meaning of section 270 of the Debtor and Creditor Law. (Eccles v. Hutchinson, 28 Misc 2d 412.) Even if the wife were considered a creditor, there is a question whether the transfer is indeed void under EPTL 7-3.1, formerly section 36 of the Personal Property Law. In Matter of Bourne (4 Misc 2d 610) it was held that such a transfer was not void, since it provided for a gift over creating a remainder interest. Such is the case here.
As to the issue concerning the fraudulence of the transfer, this is a question of fact which should be determined after a full and plenary trial. (Porringer v. Brody, 13 A D 2d 567, 568.)
With all of these issues to be determined, it is extremely questionable whether the defendant does have property within the State of New York subject to sequestration. The assignment was made over 10 months ago. Neither the executors of the estate nor the trustee of the inter vivos trust was made a party to this proceeding and it would therefore be presumptuous under all the circumstances to declare void, in a proceeding brought ex parte, an assignment and a trust when both the trustee and the executors have certain fiduciary duties to perform in respect to each.
Therefore, under these facts, this court cannot say that either the trust or the assignment was made to defraud the plaintiff nor can this court say that the plaintiff occupies the status of a creditor of the defendant. Furthermore by virtue of the fact *950 that the trust remains unrevoked and covers remainder interests neither can this court say that the trust is void.
Since a question exists as to the defendant’s ownership of the property in question subject to this sequestration order, such issue must proceed by way of plenary action. (Rosenberg v. Rosenberg, 259 N. Y. 338; Neidorf v. Neidorf, 43 Misc 2d 710, 713; Daniello v. Daniello, 30 Misc 2d 855; McKendry v. McKendry, 200 Misc. 835.)
Therefore the sequestration order issued the 15th day of March, 1968 shall be modified to exclude therefrom any and all reference to the executors of the estate of Thomas W. Murphy or any property interest alleged to be had therein by the defendant, Oliver A. Murphy.
An amended sequestration order may be submitted to this court pursuant to the directions contained in this decision.
John Garland, Esquire, the receiver herein heretofore appointed by this court, is hereby allowed the sum of $250 for services heretofore performed.