OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The issue on this appeal is whether decedent, who died intestate with no known heirs, by withdrawal of funds revoked a Totten trust (see
 
 Matter of Totten,
 
 179 NY 112). Decedent on November 20, 1969, created the trust by opening a savings account in his name in trust for Camp-hill Village, U.S.A., Inc., a farm community for mentally handicapped adults where he lived and worked from 1963 until his death on July 17,1981. By letter dated November 29,1973, he informed Camphill of the account, and that on his death the account would become Camphill’s property. On April 15, 1980, at the suggestion of a bank teller competing for an incentive award, decedent withdrew all of the funds in his account, transferring $8,000 to a higher interest account in his own name alone, $3,930 to his personal checking account, and taking $50 in cash. Although he did not inform the bank officer whether the new account was to be opened in trust for Camphill Village, he executed the signature card prepared for him, which indicated that the account was opened under the decedent’s name individually, and he made no request thereafter for any change in the title of the account. The Surrogate, however, found that decedent had not intended to revoke the trust, and dismissed the State’s objections to the administratrix’s account and its claim that the funds should escheat to the State. Concluding that decedent’s withdrawal of funds effected a revocation of the trust under EPTL 7-5.2 (subd 1), the Appellate Division modified by
 
 *1028
 
 disallowing the claim of Camphill and allowing the State’s objection. We affirm that result, but for different reasons.
 

 EPTL 7-5.2 (subd 1), enacted in 1975, provides that a Totten trust “can be revoked, terminated or modified by the depositor during his lifetime only by means of, and to the extent of, withdrawals from or charges against the trust account made or authorized by the depositor.” As indicated in the Recommendation of the Law Revision Commission to the 1975 Legislature, the effect of a depositor’s delivery of the passbook or oral statements of intention to revoke or modify was a major subject of litigation involving Totten trusts; the statute eliminated uncertainty by imposing an objective, unequivocal standard for revocation, termination or modification of the trust (see 1975 Report of NY Law Rev Comm, McKinney’s Session Laws of NY, 1975, p 1534; see, also, Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-5.1, 1983-1984 Pocket Part, pp 138-139). But a provision that revocation can be accomplished during a depositor’s lifetime only by the objective, unequivocal act of withdrawing funds does not mandate that every withdrawal of the funds in a Totten trust necessarily effects a revocation of the trust. EPTL 7-5.2 (subd 1) addresses a separate problem, and is not applicable to the question presented.
 

 A depositor’s withdrawal of the funds in a Totten trust operates as a revocation, and the beneficiary may not follow the proceeds or hold the depositor personally liable (see
 
 Matter of Totten,
 
 179 NY 112,
 
 supra; Hessen v McKinley,
 
 155 App Div 496, affd 209 NY 532; Restatement, Trusts 2d, § 58, Comment
 
 c;
 
 1 Scott, Trusts [3d ed], § 58.4). This rule has been followed in all but the most extraordinary circumstances, as where the withdrawal resulted from fraud or duress, or an unauthorized act (see, e.g.,
 
 Silk v Silk,
 
 162 Misc 773;
 
 Matter of Stites,
 
 160 Misc 162). No such extraordinary circumstances are present here. By withdrawing the funds, requesting the change in the account without instructing the bank officer to record the new account as one in trust for Camphill Village, and executing the necessary documents after the account had been opened in his name individually, decedent here revoked the Totten trust.
 

 
 *1029
 
 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 Order affirmed, with costs, in a memorandum.