■ In the Matter of the Estate of KAREN JERGENSEN, Deceased. BODIL LARSEN, Appellant; FRANCIS X. McCORMACK et al., Respondents.—In a proceeding to compel an accounting of the estate of Karen Jergensen, the claimant appeals from (1) an order of the Surrogate's Court, Kings County (Bloom, S.), dated April 14, 1986, which denied her motion to disaffirm the report of the Referee, dated August 22, 1985, recommending that her claim be denied, confirmed that report, and dismissed the petition, and (2) so much of an order of the same court, also dated April 14, 1986, as allowed claims against the estate for counsel fees and welfare assistance.

Ordered that the order dismissing the petition is affirmed, and the order allowing claims for counsel fees and welfare assistance is affirmed insofar as appealed from, with one bill of costs payable by the appellant personally to the creditor respondent.

On July 16, 1969, the decedent opened a savings account in her own name, in trust for the claimant, who was her husband's niece. The decedent maintained the passbook, periodically withdrawing the interest accrued, and apparently never informed the claimant of the existence of the account. On April 21, 1975, the balance of that account was withdrawn and placed into a new account in the decedent's name individually. Twelve days earlier, the decedent had executed a new will leaving her estate to three friends, Charles Sinnott, Lulu Riplicki and Patricia Marmo, or the survivor. In previously executed wills Jergensen had left her residuary estate to the claimant and her husband. The apparent cause of Jergensen's change of heart was a falling out she had with the claimant and her husband when they had been to visit Jergensen earlier in 1975. There was no evidence of any further contact between Jergensen and the claimant prior to Jergensen's death in November 1980.

After Jergensen's will was admitted to probate, the claimant commenced this proceeding, seeking to recover $69,318.60, the balance of the account Jergensen opened with the funds from the trust account, plus interest. After a hearing before Nathan R. Sobel, as Referee, the claimant's petition was dismissed. The claimant appeals from the order dismissing her

petition, and from so much of a second order which allowed claims for counsel fees and welfare assistance. We affirm.

In the landmark case of *Matter of Totten* (179 NY 112, 125-126), the Court of Appeals laid to rest the conflicting opinions regarding savings bank trusts by announcing the following rule: "A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor".

The claimant here contends that Jergensen completed her gift to the claimant during her lifetime by an unequivocal act or declaration. According to the claimant, that act or declaration took the form of a letter Jergensen wrote to her former attorney on April 12, 1972, asking him to return the will she had previously executed, as she would not be needing it since "I have my savings account in a trust fund for my niece and I don't own any stock or property so I don't think my niece would have any trouble claiming the savings account". We cannot agree. This letter, written nearly three years after the Totten trust account was opened, at best establishes that Jergensen created the account for her own present use and intended that the balance remaining at the time of her death would go to the claimant. This conclusion is further supported by the fact that Jergensen never mentioned the account in her correspondence with the claimant, though she seems to have been prone to mentioning financial matters and what would become of her estate when she died. Under the circumstances, Jergensen's letter to her former attorney does not constitute the type of unequivocal act or declaration sufficient to complete the gift and render the trust created irrevocable *(see, Matter of Totten, supra; Hessen v McKinley,* 155 App Div 496, *affd* 209 NY 532; *see also, Matter of Beck,* 98 AD2d 860, *affd* 63 NY2d 1026).

Alternatively, the claimant contends that the evidence adduced at the hearing before the Referee was insufficient to establish that Jergensen revoked the tentative trust during her lifetime. This contention, too, is without merit.

The withdrawal of funds deposited in a tentative trust

operates as a revocation, absent proof that the withdrawal resulted from fraud or duress, or an unauthorized act *(Matter of Beck, supra; Hessen v McKinley, supra)*. The evidence adduced at the hearing established that after a falling out with the claimant, Jergensen executed a will which made no reference to the claimant, as her prior wills had, and by which she left her estate to three friends. That will was subsequently admitted to probate, upon the Surrogate's satisfaction that it was genuine and validly executed, and that Jergensen possessed sufficient testamentary capacity and was free from restraint at the time of its execution. Some 12 days after she executed her new will, Jergensen, who was physically unable to leave her apartment, sent Patricia Marmo, who had done banking for her in the past, to the bank with a withdrawal slip, and Marmo closed the trust account and opened a new account in Jergensen's name individually. When the transaction was complete, Marmo returned both passbooks to Jergensen, who continued to transact business using the new account. Jergensen had no further contact with the claimant, except to send her a letter indicating that she and her husband were being disowned. This evidence amply supports the Referee's determination that Jergensen effectively revoked the trust established in the claimant's favor by committing the decisive act of withdrawing the balance of that trust.

In light of our determination we need not reach the remaining contentions of the parties. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.