In the Matter of the Accounting of ANTONETTA MASCOLO et al., as Administrators of the Estate of SAVINA UNGARA, Deceased.

Surrogate's Court, Bronx County, November 22, 1944.

*Louis Bennett, George J. Malinsky* and *William Vabnick* for administrators.

*H. Eliot Kaplan* for objectants.

*Vincent N. Trimarco* for creditor.

HENDERSON, S. This is a proceeding for the judicial settlement of the account of the administratrix of this estate.

The decedent herein died on the 26th day of January, 1943, unmarried and without issue. Her only distributees are the administratrix, her sister, and nephews and nieces, the children of a predeceased brother.

It appears that, among her other assets, the decedent in her lifetime was possessed of a bank account in the East River Savings Bank in the name of Savina Ungara in trust for Antonetta Mascolo and Vincenzo Ungaro, containing at the time of her death approximately $8,000; an account in the Bank of Manhattan Co. in the name of Sedi Ungara, containing a balance of $2,079.49; and certain jewelry and linens.

Vincenzo Ungaro, one of the beneficiaries named in the East River Savings Bank account, was a brother of the decedent and predeceased her by a few days.

Antonetta Mascolo, the other beneficiary named in the said account, is the sister of the decedent and the administratrix herein. It is her present claim that she has title to such bank account by survivorship or gift and title by gift of all of the other property mentioned above.

Upon all the evidence in this case, the court is of the opinion that the administratrix has failed in her burden of proving by clear, convincing and satisfactory proof that a valid gift of the aforementioned property was made. Accordingly, the objections to the account of the administratrix with respect thereto, are sustained.

This determination leaves as the sole issue herein the question as to whether or not the administratrix is entitled to all of the monies on deposit in the East River Savings Bank trust account, as the sole surviving beneficiary of such account.

This bank account creates a tentative trust, the characteristics of which are set forth in *Matter of Totten* (179 N. Y. 112). There is no question that the death of Vincenzo Ungaro in the lifetime of the decedent, terminated his interest in this Totten trust and his estate has no interest therein. (*Matter of Vaughan,* 145 Misc. 332.)

The burden of proving that this deposit was made for the benefit of the administratrix and her brother jointly with survivorship is upon the administratrix. (*Matter of Post,* 132 Misc. 209, affd. 224 App. Div. 830.)

The law of the State favors a tenancy in common as against a joint tenancy where a gift of property is made to two or more persons. Section 66 of the Real Property Law provides as follows: " Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; * * * ". This applies also to personal property. (*Matter of Blumenthal,* 236 N. Y. 448, 453.) There is no declaration of joint tenancy in this case. There was no mention of such a tenancy or the right of

survivorship by the decedent upon the signature card given by her when she opened the bank account. The bank book does not indicate that the beneficiaries were to share as joint tenants.

It may also be noted that joint deposits not in the form provided by section 239 of the Banking Law do not create any presumption of title in the survivor. (*Matter of Fenelon,* 237 App. Div. 285, affd. 262 N. Y. 57, reargument granted 262 N. Y. 539, revd. on other grounds 262 N. Y. 308.)

At common law, the death of a legatee or devisee prior to a testator, caused the bequest or devise to lapse. This rule is still the law in this State except as modified by section 29 of the Decedent Estate Law.

If the decedent had made a will and bequeathed the proceeds of this bank account to her brother and sister *nominatim,* without further words indicating their type of ownership, they would take as tenants in common and not as joint tenants. The survivor would not be entitled to the entire legacy, but only her prorata share. (*Matter of King,* 200 N. Y. 189.)

" When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will " (*Matter of Totten,* 179 N. Y. 112, 124, *supra*).

There is nothing in the nature of the Totten trust which gives to the administratrix herein any greater interests than she would receive by a testamentary disposition of the subject matter of such trust.

Accordingly the administratrix is entitled only to her one-half share of this bank account.

The administratrix will be surcharged with one half of the balance in the East River Savings Bank and the entire amount of the account in the Bank of Manhattan Co. in the sum of $2,079.49. She will also be surcharged with the jewelry and linens hereinbefore mentioned. If no agreement by the parties is made as to the value of such personal property or as to its distribution in kind, the property may be sold by the administratrix upon notice to the other distributees. If a sale is made, a supplemental account of her proceedings should be filed without undue delay.

This disposes of all questions submitted for determination. Objection 1 (c) was withdrawn upon the hearing.

Proceed accordingly.