BARBARA CUCHAL, Plaintiff, *v.* PATRICK WALSH et al., Individually and as Trustees of the Life Insurance Fund of the Fire Department of the City of New York, Defendants.

City Court of the City of New York, New York County, March 13, 1945.

*Samuel D. Lasky* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (Cyrus C. Perry* of counsel), for defendants.

SCHIMMEL, J. The plaintiff seeks to recover $2,000 from the trustees of the New York City Fire Department Life Insurance Fund as one of the two designated beneficiaries of the late Joseph Cuchal, a retired member of the Fire Department. In April, 1940, the said Cuchal duly designated the beneficiaries of a $2,000 life insurance benefit to be paid in the event of his death. Such designation was made pursuant to the provisions of subdivision d of section B19–8.0 of the Administrative Code of the City of New York, which reads in part as follows: " In case of the death of any member or of any pensioned or retired

member of such department, and so contributing, there shall be paid to the beneficiary or beneficiaries named in a written designation filed with the board of trustees, or if there be no such written designation, then to the widow, or if there be no widow, then to the legal representatives of such deceased member or pensioned and retired member, the sum of two thousand dollars out of the moneys so assessed.''

The designation, on a printed form of the fire department, reads in part as follows: '' I, Joseph Cuchal, wishing to avail myself of the rights and privileges accorded to me pursuant to the provisions of Chapter 19, Title B, Article 2, Section 19–8.0, Sub-division D of the Administrative Code of the City of New York, do hereby designate Barbara Cuchal and Alois Cuchal, my mother and father respectively, whose address or addresses is or are 436 East 80 St. New York City respectively, as the beneficiary or beneficiaries to whom or to which shall be paid, in the event of my death, the sum of money payable pursuant to the aforesaid provisions of Law.''

The father Alois Cuchal predeceased the said Joseph Cuchal, who died in June, 1944, leaving his mother, Barbara Cuchal, surviving and also a widow, Grace Cuchal.

This action is brought to determine whether the entire $2,000 belongs to the mother of the late retired fireman or whether she is to receive only $1,000, the remainder to go to his widow in accordance with the provision of subdivision d of section B19–8.0 of the Administrative Code that '' if there be no such written designation, then to the widow ''.

It seems plain that the mother and father were made beneficiaries as individuals and not as a class; I can place no other construction upon the designation of '' Barbara Cuchal and Alois Cuchal, my mother and father respectively * * * as the beneficiary or beneficiaries ''. They take as tenants in common and share distributively, not collectively (2 Jessup-Redfield on Law and Practice in the Surrogates' Courts [1930 ed.], § 964, p. 2007). Upon the death of the father during the lifetime of the designor the designation lapsed, and his share must therefore go to the widow of the designor in accordance with the above-quoted provision of the Administrative Code (cf. *Matter of Kimberley*, 150 N. Y. 90; *Moffett* v. *Elmendorf*, 152 N. Y. 475).

Plaintiff is concededly entitled to recover her share, $1,000; the balance of her claim must be dismissed. The whole case may be disposed of on this motion, for if either party moves for summary judgment under rule 113 of the Rules of Civil

Practice the other party may have the judgment to which he shows himself to be entitled.

Judgment may be entered in favor of plaintiff for $1,000 and in favor of defendant dismissing the remainder of the claim