OPINION OF THE COURT
Daniel F. Luciano, J.
In this action brought for a declaratory judgment determining the rights of the plaintiff and of the individual defendants to the proceeds of Totten trust accounts, the plaintiff has moved for summary judgment. The defendants have asked that summary judgment be granted in their favor. (See, CPLR 3212 [b].)
The facts are not in dispute. The plaintiff is the son of the decedent, Pearl Korton. Prior to her death the decedent established four “Totten Trust” accounts designating the plaintiff as the beneficiary. The undisputed allegations of paragraphs “7” and “9” of the complaint set forth the subsequent events:
“On September 23,1983 Mr[s]. Korton [the decedent] and [the defendant] Astoria Federal [Savings and Loan Association] purported to effect a change of beneficiary of accounts nos. [sic] 16-405190 to Defendant Artie Fie; No. 16-405674 to Defendant Camille Fie; and no. 16-405675 to defendant Sally Cooper[1] * * *
“On January 10, 1984, Mrs. Korton and Astoria Federal purported to effect a change in beneficiary on the fourth account, *334 no. 16-405805, from Andrew Korton to Defendants Michelle and Joy Cambi [sic].”
The changes in the designated beneficiaries were made by means of execution of new signature cards on file with the bank and by changing the names of the beneficiaries on the passbooks.
No funds were actually withdrawn from the respective accounts, nor were the bank account numbers changed upon the purported redesignations of the beneficiaries.
The plaintiff’s contention is simply that, notwithstanding the intent of the decedent, the execution of new signature cards, and the changes of names upon the passbooks, the redesignation of beneficiaries from the plaintiff to the designated individual defendants was ineffective as a matter of law.
The question of law focuses upon EPTL 7-5.2 (1) which provides, in part, as follows:
“The funds in a trust account, which shall include any dividends or interest thereon, shall be trust funds subject to the following terms:
“(1) The trust can be revoked, terminated or modified by the depositor during his lifetime only by means of, and to the extent of, withdrawals from or charges against the trust account made or authorized by the depositor.”
In large measure, to support his position, the plaintiff relies on the case of Long Is. Sav. Bank v Savage (NYLJ, July 24,1984, p 6, col 6 [Sup Ct, NY County]). In that case, which was similar to the matter at bar, Hon. Seymour Schwartz wrote, in part: “Plaintiff does not claim, nor can it, that the signed agreement or signature card is a symbolic withdrawal or charge. The precise statutory prequirements [sic] for a change of beneficiaries makes no such allowance.” Further, quoting the Recommendation of the Law Revision Commission to the 1975 Legislature the court, in Long Is. Sav. Bank v Savage (supra, p 6, col 6) noted that EPTL 7-5.2 (1) must be strictly construed since “ ‘[Legislation imposing objective standards to govern Totten trusts, in place of a case-by-case interpretation based on the depositor’s subjective intent, is the only way to achieve certainly [sic] and predictability in this area of the law.’ ”
While the purpose of enactment of EPTL, article 7, part 5 was undoubtedly that set forth immediately above in the quoted language, the court cannot conclude that under the present circumstances the plaintiff is entitled to summary judgment.
*335 In its 1975 Recommendation to the 1975 Legislature to adopt EPTL, article 7, part 5 the Law Revision Commission stated in part:
“The Commission therefore believes that legislation should be enacted
“(a) To render the delivery of the passbook (or other acts of the depositor) ineffective to complete a lifetime gift of the funds on deposit, thus requiring that the form of the deposit he altered or that the funds be withdrawn and delivered to the beneficiary in order to complete the gift.” (1975 McKinney’s Session Laws of NY, at 1535; emphasis added.)
Thus, altering the form of the deposit was equated with withdrawal of the funds for some purposes by the Law Revision Commission, with respect to reflecting the depositor’s intentions.
Moreover, the Law Revision Commission identified three principal areas of conflict which enactment of part 5 of article 7 was intended to cure:
“(1) When the depositor delivers to the beneficiary the passbook evidencing the account, does he intend to complete a gift of the account * * *
“(2) What is the effect of the depositor’s statements which may indicate his intention either to give the account to the beneficiary or to revoke or modify the trust * * *
“(3) What is the effect of the language in the depositor’s will which may indicate his intention to modify or revoke the trust?” (1975 McKinney’s Session Laws of NY, at 1535.)
A review of these three principal areas of concern reflects that the situation present in the case at bar is not of the type specified. Ambiguous or conflicting acts are not present. The decedent’s intentions are not subject to serious dispute. And, consistent with the objective of the Law Revision Commission in recommending the enactment of part 5 of article 7, the decedent’s actions did result in the change of the form of the deposit.
Unlike the court in Long Is. Sav. Bank v Savage {supra), therefore, this court concludes that the signed agreements or signature cards, when taken in combination with the change of beneficiaries on the passbooks, do suffice as symbolic withdrawals sufficient to effectuate the changes of the beneficiaries.
The result reached herein cannot be deemed inconsistent with that required by EPTL 7-5.2 (1). That section was intended to dictate a fixed result in those cases in which any reasonable doubt or ambiguity might exist. Here it cannot be reasonably *336 argued, that doubt or ambiguity exists as to the decedent’s intention. Under these circumstances the decedent’s mere failure to execute withdrawal slips when changing the forms of the accounts is not sufficient to frustrate her clear intentions.
Accordingly, the plaintiff’s motion for summary judgment is denied.[2] Summary judgment is granted to the defendants Artie Fie, Camille Fie, Sally Cooper, Michelle Camhi and Joy Camhi to the extent that the court declares that the entire proceeds of account number 16-405190 are the property of and payable to the defendant Artie Fie, that the entire proceeds of account number 16-405674 are the property of and payable to the defendant Camille Fie, that the entire proceeds of account number 16-405675 are the property of and payable to the defendant Sally Cooper, and that the entire proceeds of account number 16-405805 are the property of and payable to the defendants Michelle Camhi and Joy Camhi. The said defendants are entitled to possession of the passbooks corresponding to the respective accounts. The defendant The Astoria Federal Savings and Loan Association shall not be liable for costs and disbursements.
In view of this determination and the absence of a motion made pursuant to CPLR 1006 (f) no order (or judgment) discharging the defendant The Astoria Federal Savings and Loan Association as a stakeholder is appropriate.

. The plaintiff alleges that the defendant Sally Cooper was and is an officer of the defendant Astoria Federal and that she aided the decedent in making the purported changes. However, no claim of overreaching, or undue influence is made and the individual defendants state, without contravention, that they were “good friends” of the decedent and that the defendants Joy and Michelle Camhi were her nieces.

. Nevertheless, the court finds the argument of the defendant, The Astoria Federal Savings and Loan Association, that the New York law governing Totten trust accounts is inapplicable, to be without merit. {See, 10 NY Jur 2d, Banks and Financial Institutions, §§ 732, 733.)