■ In the Matter of MARY A. BOBECK, Deceased. SUSAN BANNON et al., Appellants; THOMAS CURTIN, Respondent.—In a proceeding to settle the account of the executor of a decedent's estate, the objectants appeal from a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated October 22, 1986, which, after a nonjury trial, allowed the executor's account as filed, and discharged the executor from any further liability.

Ordered that the decree is reversed, on the law, without costs or disbursements, and the matter remitted to the Surrogate's Court, Suffolk County, for the entry of an order to be settled on motion, directing the executor to file a new account in accordance herewith, which shall include as probate assets all sums contained in the decedent's joint accounts.

The decedent Mary Bobeck died on May 5, 1983. Her will provided for various specific bequests and for the distribution of the remainder of her property, in equal shares, to her nieces Susan Bannon, Ann D'Allegro, Mary May and Margaret Layton. Letters testamentary on the estate of the decedent were granted by the Surrogate's Court, Suffolk County, to Thomas Curtin, the decedent's nephew, on October 19, 1983.

Susan Bannon, one of the residuary legatees, commenced a proceeding for a compulsory accounting (SCPA 2205) by petition verified June 19, 1984. This petition was granted on the default of the fiduciary, Thomas Curtin. A subsequent motion by the executor for reargument was denied.

The account subsequently filed by the executor indicates the existence of probate assets in the sum of $21,123.06. This account also indicates the satisfaction of all the specific bequests provided for in the decedent's will, in the total sum of $21,600. It was also claimed that $3,000 had been distributed to each of the four residuary legatees, and that these distributions had been funded by nonprobate assets.

The account of the executor also indicates that the decedent had interest in 11 bank accounts, with a total balance of approximately $110,000, which were not considered probate assets. The four residuary legatees filed objections to this portion of the accounting, claiming that the funds in these accounts were part of the decedent's estate.

After a trial without a jury, the Surrogate determined that the subject bank accounts were either in the decedent's name in trust for a designated beneficiary, or in the decedent's

name payable to either the decedent or another. The Surrogate held that the establishment of these accounts constitutes presumptive evidence that the depositor (decedent) intended to make a present gift of the money in the accounts and to confer a right of survivorship upon the designated beneficiary. However, the Surrogate also found, as a matter of fact, that this presumption had been rebutted. The Surrogate further found that the burden then shifted to the executor to show that the decedent intended that the surviving beneficiary would receive whatever remained in the accounts at the time of her death, and held that the executor had met that burden. Based on these findings of fact, the Surrogate concluded that the decedent had made a gift to the beneficiaries designated on these accounts of "the monies on deposit in the subject bank accounts as of the time of her death". The funds of these accounts were therefore decreed to be outside of the decedent's estate, and the account of the executor was settled accordingly. We reverse.

The Surrogate did not distinguish between those of the disputed bank accounts which were found to be joint accounts (see, Banking Law § 675) and those which were found to be "Totten Trusts" (see, EPTL 7-5.1 et seq.; Matter of Totten, 179 NY 112). The Surrogate found that, in either event, the decedent had intended to retain control over the assets in these accounts for her life and also intended that, at the time of her death, whatever remained in the accounts would pass to the designated beneficiaries. Since these findings of fact are supported by the weight of the evidence, we affirm them. We also agree that, based on these findings of fact, the "Totten Trust" accounts are not to be included in the decedent's estate. However, we differ with the Surrogate as to the legal conclusion to be drawn from these findings of fact with respect to the joint accounts.

When the decedent deposited money in those of the disputed bank accounts which name her as a trustee for a designated beneficiary, she established revocable "Totten Trusts" (see, EPTL 7-5.2 [1]; Matter of Totten, supra; Matter of Jergensen, 131 AD2d 851, 852). Her title remained unimpaired by the creation of these revocable trusts and she was permitted to alienate all or any part of the funds during her life. The interest of the beneficiaries named in these "Totten Trusts" was a mere expectancy and not a vested legal right (see, EPTL 7-5.2; Matter of Beck, 63 NY2d 1026, 1028; Dumpson v Taylor, 38 Misc 2d 118; 61 NY Jur, Trusts, § 110, at 229). Since the named beneficiaries survived the decedent, and since the

decedent's will did not purport to revoke the trusts (see, EPTL 7-5.2 [2]; Matter of Flynn, 119 Misc 2d 561), "title to the funds [vested] in the beneficiar[ies] free and clear of the trust" (EPTL 7-5.2 [4]).

In this case, the legal consequences of the establishment of "Totten Trust" accounts, as defined in EPTL 7-5.1 et seq., are consistent with the decedent depositor's actual intent, as determined by the Surrogate. As we noted, the Surrogate found that the decedent intended to retain control over the bank account assets for her life and also that she intended for the remainder to pass to the designated beneficiary at the time of her death. While the decedent's establishment of the "Totten Trust" accounts thus served to accomplish her intent, the establishment of joint bank accounts did not.

When the decedent deposited money in the joint bank accounts at issue, she was presumed to have conferred on the cotenant not only a mere expectancy, but rather a gift of a one-half interest in the deposited funds (see, Banking Law § 675; Matter of Kleinberg v Heller, 38 NY2d 836, 841; Matter of Bricker v Krimer, 13 NY2d 22, 27; Gotte v Long Is. Trust Co., 133 AD2d 212, 215-216). Unlike the beneficiary named in a "Totten Trust", a cotenant named on a joint account has the right to alienate up to one half of the funds. However, the presumption that the depositor intended to make a present gift of one half of the deposited funds may be overcome by proof that the account was established as a matter of convenience (see, Matter of Friedman, 104 AD2d 366; McGill v Booth, 94 AD2d 928; Phillips v Phillips, 70 AD2d 30, 38; Matter of Camarda, 63 AD2d 837; Matter of McMurdo, 56 AD2d 602). In this case, the Surrogate found that these accounts were created as a matter of convenience so that no joint tenancy was established and so that no gift was made at the time that the accounts were opened. Nevertheless, the Surrogate then found that the decedent intended to make a gift of whatever amounts remained in these accounts at the time of her death. Contrary to the Surrogate's conclusion, we hold that no valid gift was made under these circumstances.

On appeal, the executor argues that the Surrogate's findings support the view that the decedent transferred ownership of the joint accounts to the designated cotenants, while reserving a life estate for herself, or, in other words, that the decedent transferred to the cotenants a remainder interest in the accounts. It is argued that pursuant to the holding of the Court of Appeals in Gruen v Gruen (68 NY2d 48), a valid inter vivos gift of such a remainder interest may be made.

In the *Gruen* case *(supra),* the court held that a valid inter vivos gift of an ownership interest in a certain painting could be made, even though the grantor retained the right to the possession of the painting for the rest of his life. The court in *Gruen* held that a grantor may make a gift of an ownership interest, while reserving to himself the right to a lifetime possessory interest. However, the transfer of ownership must be irrevocable in order for the gift to be complete. In the present case, the Surrogate found that the decedent had retained the right to alienate all the assets in the subject bank accounts during her life and this would include the right to transfer ownership of such assets to a third party. Ownership of the property in question, i.e., the money in the several bank accounts at issue, was not irrevocably transferred by the decedent to any person at any time during her life, and for this reason, the *Gruen* case is distinguishable. Thus, no gift was made.

We therefore conclude that, although the "Totten Trust" accounts were properly excluded from the decedent's estate, the contents of the joint bank accounts were not. The Surrogate correctly found that the presumption that the decedent intended to create a joint tenancy with respect to these accounts had been rebutted, so that the assets in these accounts remained hers alone. Her intent that whatever remained in these accounts at the time of her death vest in the designated cotenant does not provide an adequate basis upon which to conclude that she made an inter vivos gift of these funds.

The decree under review must therefore be reversed and the respondent executor must be directed to file a new account which shall include as probate assets all sums contained in the joint bank accounts. We have examined the record and are unable to determine with certainty which of the 11 bank accounts at issue were joint accounts, so that their contents constitute assets of the estate. We note that, based on the exhibits which were included in the record, the following accounts appear to have been joint accounts: Dime Savings Bank account No. 16-5302121, Suffolk County Federal Savings and Loan Association account No. 15-10024719-4, Suffolk County Federal Savings and Loan Association account No. 31-090000658-1, and (possibly) Dime Savings Bank account No. 16-0801241. Four other accounts (Dime Savings accounts Nos. 16-5060627 and 16-5300124, Suffolk County Federal Savings and Loan Association accounts Nos. 15-13000356-7 and 28-13-000970-8) appear to have been "Totten Trusts". Documents

relating to the three other accounts were not included in the record. As noted above, the executor need not include, as estate assets, funds of the decedent which were contained in the "Totten Trusts".

The decree is therefore reversed and the matter is remitted to the Surrogate's Court, Suffolk County, for the entry of an order directing the respondent executor to file an account in accordance herewith. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.