■ In the Matter of the Estate of FRED T. DUPREE, Deceased. MURIEL G. DUPREE, as Coexecutor of FRED T. DUPREE, Deceased, Appellant; THOMAS DUPREE, as Coexecutor of FRED T. DUPREE, Deceased, Respondent.—In a proceeding to judicially settle an account, the coexecutor Muriel G. Dupree appeals from an order of the Surrogate's Court, Orange County (Owen, S.), dated January 17, 1989, which held that the funds on deposit in three joint bank accounts at the time of decedent's death were assets of the estate and directed her to file an amended account listing the bank accounts as probate assets.

Ordered that the order is reversed, on the law, with costs to the appellant payable by the estate, and it is determined that the funds in the subject bank accounts passed outside the estate of Fred T. Dupree to the appellant.

On January 13, 1986, Fred T. Dupree died. At that time, he had three bank accounts at the Warwick Savings Bank, which reflected that he and his daughter, Muriel G. Dupree, were

joint depositors. It is undisputed that the three accounts were comprised almost entirely of the deceased's money. Following a hearing, the Surrogate's Court made a factual finding that the accounts had not been created in this form for the convenience of the deceased. We affirm this finding, since it is supported by the weight of the evidence.

Despite this determination, the Surrogate ordered Muriel G. Dupree to remit the accounts for inclusion in the estate, holding that the record did not show that the deceased ever manifested an intent to vest his daughter with a present moiety interest in the accounts. The Surrogate cited this court's holding in *Matter of Bobeck* (143 AD2d 90) in determining that these accounts were estate assets. We conclude that this was a misapplication of our holding in *Matter of Bobeck (supra)*.

In *Matter of Bobeck (supra)*, this court affirmed the Surrogate's finding that the deceased had created joint bank accounts for purposes of convenience. This determination refuted the presumption of joint tenancy with rights of survivorship that is ordinarily accorded jointly held accounts *(see,* Banking Law § 675; *Matter of Friedman,* 104 AD2d 366, *affd* 64 NY2d 743; *McGill v Booth,* 94 AD2d 928; *Phillips v Phillips,* 70 AD2d 30, 38). This being the case, the joint accounts were deemed part of the estate.

In the instant case, there is an affirmed finding of fact that the deceased did not designate Muriel Dupree a depositor as a matter of convenience. Thus, the rule discussed in *Matter of Bobeck (supra)*, which vitiates the presumption of joint tenancy, is inapplicable. There is also no proof of fraud, undue influence, or that the deceased was without capacity *(see,* Banking Law § 675; *Matter of Kleinberg v Heller,* 38 NY2d 836, 840; *Matter of Camarda,* 63 AD2d 837, 838). Accordingly, Muriel Dupree possesses all of the rights that accompany a joint tenancy with rights of survivorship, which in this instance means ownership of the accounts.

Furthermore, that the deceased may not have understood that he provided his daughter with a present moiety interest in the subject accounts is irrelevant to our determination *(see, Matter of Kleinberg v Heller, supra; Matter of Filfiley,* 63 Misc 2d 824, 825, *affd* 43 AD2d 981). Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.