■ In the Matter of JOSEPH BERSON, Deceased. JEWISH DEFENSE LEAGUE, Respondent; EVA BANK, Appellant.—In a proceeding to compel the administrator of an estate to deliver property in her possession to the petitioner, the appeal is from an order of the Surrogate's Court, Queens County (Laurino, S.), dated June 2, 1989, which granted the petitioner's motion for summary judgment.

Ordered that the order is affirmed, with costs payable by the estate, and the matter is remitted to the Surrogate's Court, Queens County, for further proceedings consistent herewith.

In August 1983 Joseph Berson created a Totten trust entitled "JOSEPH BERSON, ITF NEW YORK CITY J.D.L." with the Metropolitan Savings Bank (later the Crossland Savings Bank), into which he deposited the total sum of $73,574.51. Berson made no further deposits to this account, nor did he withdraw any funds from it up until his death intestate on June 8, 1987. When the administrator of his estate refused to

turn over the bankbook to the Totten trust account to the named beneficiary, the petitioner Jewish Defense League (hereinafter the JDL), it commenced the instant proceeding, and moved for summary judgment. The Surrogate granted the JDL's motion, and the administrator appeals.

The order is affirmed. Under EPTL 7-5.2, since the depositor did nothing during his life or in a will to revoke, terminate or modify the Totten trust, and he was survived by a beneficiary whose continued existence is verified by the New York State Department of State, the trust terminated on the depositor's death and title to the funds vested in the beneficiary free and clear of the trust (cf., Matter of Beck, 63 NY2d 1026; Matter of Bobeck, 143 AD2d 90; Long Is. Sav. Bank v Savage, 116 AD2d 512, affd 69 NY2d 751).

The matter is remitted to the Surrogate's Court for an accounting, at the estate's expense, to determine the exact amount of contribution, if any, due from the JDL for estate taxes under EPTL 2-1.8. Kunzeman, J. P., Kooper, Eiber and O'Brien, JJ., concur.