■ DORIS HUCKO, Respondent, v APPLE BANK FOR SAVINGS, Appellant. [619 NYS2d 712] —Order, Supreme Court, New York

County (Carol E. Huff, J.), entered September 30, 1993, to the extent that it denied defendant's cross motion for summary judgment, reversed, on the law, the cross motion is granted and the complaint is dismissed, without costs.

Plaintiff was the beneficiary of two Totten trust accounts, in the form of certificates of deposit (CD), established by the decedent at defendant bank. The ailing decedent discussed with defendant on the telephone how she might change the beneficiary of these trust accounts, without penalty, and defendant thereupon mailed decedent a signature card and withdrawal slips for each account. On November 7, 1991, decedent returned the withdrawal slips, each bearing a notation to close the account and transfer the balance to a new certificate of deposit for the benefit of one Ursula Johnson. Next to decedent's signature on each withdrawal slip is the notation "SIP", defendant's abbreviation for "Signed in Presence". The slips are dated November 7 and 15, 1991, respectively, and defendant's records indicate that both accounts were closed on November 15. Those records further reveal that the balances, totaling slightly more than $30,000, were poured into the new account, in trust for Johnson, which was opened on November *14*. Decedent passed away on Sunday, November 17.

A number of banking irregularities are cited which, it is alleged, caused the termination of these trusts to run afoul of EPTL 7-5.2 (1), requiring proper authorization by the depositor. First, decedent obviously did not sign the withdrawal slips "in the presence of" a bank official. Second, a question is raised as to whether the closed CD account books were returned to decedent, as she had requested. Third, there is no indication of any penalty imposed for early termination of the CD accounts in trust for plaintiff. Fourth, if decedent had actually signed one of the withdrawal slips on November 15 and mailed it the same day, it would have been impossible for the bank to have closed the account on that date. And finally, the opening date of the account in trust for Johnson predates by one day the closure of the accounts in trust for plaintiff. The IAS Court held that at least some of these issues of fact warranted further discovery, and denied both plaintiff's motion and defendant's cross motion for summary judgment.

The issue is not whether there were procedural irregularities, but whether those irregularities had a substantive impact. Defendant concedes that it erroneously utilized a "SIP"

designation, but even the IAS Court found such error to be insignificant. Defendant's possession of the withdrawal slips is prima facie evidence that the passbooks were returned to the depositor, as is customary. (Had they been lost, the depositor would not have been able to close the accounts without an affidavit attesting to that loss.) Waiver of penalty for early withdrawal is a matter of contract between the bank and its depositor, and is certainly of no moment to the beneficiary of a revocable trust *(see, Matter of Bobeck,* 143 AD2d 90, 91). Finally, plaintiff now concedes that the dates on the withdrawal slips were inserted by defendant's employees, not the decedent. That being the case, defendant had the right to fill in such blank spaces as the dates on the withdrawal slips *(see,* UCC 3-115 [1]), in order to carry out what it believed to be the expressed wishes of its depositor; plaintiff bears the burden of proving otherwise (UCC 3-115 [2]). Thus, notwithstanding any confusion as to the precise date of termination of the original accounts, what is clear is that the withdrawal slips were received by defendant no later than November 15, two days prior to decedent's death. That is what really matters. Any further factfinding for the purpose of determining the precise date of transfer of the funds prior to November 17 will not change that result, but will only frustrate decedent's clearly expressed intention. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Huff, J.