■ In the Matter of MORRIS HONIG et al., Petitioners. CHRISTIE A. NICOLE, Nonparty Appellant; HARVEY HONIG, Respondent. [623 NYS2d 862] —Judgment, Supreme Court, New York County (Alice Schlesinger, J., upon a decision of Shirley Fingerhood, J.), entered May 26, 1994, which, after a nonjury trial, *inter alia,* awarded the conservatee $120,591.70 plus interest from November 17, 1988 and restrained the transfer or encumbrance of appellant's cooperative shares and proprietary lease, unanimously affirmed, with costs. Appeal from order of said court (Alice Schlesinger, J.) entered April 27, 1994, which, *inter alia,* denied the motion to vacate said decision, unanimously dismissed as subsumed in the appeal from the final judgment, without costs.

Although the petition in this conservatorship proceeding sought to recover the conservatee's assets from appellant on the ground of fraud, it was clear from one of the supporting affidavits as well as from the conservator's cross motion to compel discovery that appellant's undue influence over the aged conservatee and the related question of the conservatee's capacity were the principal issues. In view of such notice and the corresponding absence of prejudice, the trial court properly exercised its discretion by amending the pleadings to conform to the proof at trial (CPLR 3025 [c]; *see, Gonfiantini v Zino,* 184 AD2d 368, 369). Nor was it improper for the court to render a decision even though appellant had not presented the testimony of her last witness, inasmuch as the court con-

cluded, based upon the offer of proof, that the proposed testimony could only be favorable to appellant and considered it in the light most favorable to her. Since the testimony would not have changed the result, and would have been merely cumulative, here, too, there was no prejudice.

The court's findings of fact in this bench trial which turned primarily upon issues of intent and questions of credibility, represented a fair interpretation of the evidence (see, Claridge Gardens v Menotti, 160 AD2d 544, 544-545).

In light of the confidential relationship between appellant and the conservatee, the burden of demonstrating that the transactions from which she benefitted were free from undue influence shifted to appellant (Matter of Connelly, 193 AD2d 602, 603, lv denied 82 NY2d 656, citing Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, 45 NY2d 692, 699); this burden she did not succeed in satisfying.

The conservatee testified that a $71,000 check issued by Citibank and used by appellant to purchase her cooperative was traceable to an account held by his deceased wife in trust for him. Appellant was unable to substantiate with documentary evidence, such as a letter from the bank or a passbook, her contrary assertion that the conservatee's wife, who was hospitalized and dying from brain cancer at the time, had orally directed her bank to make appellant a joint tenant on the account and that the conservatee husband was never a beneficiary thereof. The trial court was therefore justified in accepting the conservatee's version as a basis for concluding that the conservatee's right to such funds vested immediately upon his wife's death, as is the rule with both Totten trusts and joint bank accounts (see, Matter of Bobeck, 143 AD2d 90; Matter of Berson, 170 AD2d 504), and, since the asset was not testamentary, the conservator was not required to bring a separate action in his capacity as administrator of the wife's estate in order to seek recovery of the funds.

We have considered appellant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.