■ UNION STATE BANK, Respondent, v STPT REALTY, INC., et al., Appellants. [648 NYS2d 37] —In consolidated actions to re-

cover upon promissory notes, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Rudolph, J.), dated November 1, 1995, as denied their cross motion to amend their answers.

Ordered that the order is reversed insofar as appealed from, with costs, and the cross motion is granted; and it is further,

Ordered that the defendants' time to serve the amended answers is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The Supreme Court improvidently exercised its discretion in denying the defendants' cross motion to amend their answers pursuant to CPLR 3025 (b) so as to specifically interpose an affirmative defense and counterclaim alleging that the plaintiff had exercised undue influence over the individual defendant Melvin Smith. Each of the two answers at issue in this consolidated case have clearly alleged that Melvin Smith, while in failing mental health, had been coerced by the plaintiff into signing the subject promissory notes. As such, the proposed undue influence defense is based upon the same factual allegations which are already contained in the subject answers. Furthermore, it is apparent from the record that there have already been two orders of the Supreme Court, dated May 10, 1994, and May 12, 1994, respectively, which acknowledge that the defendants were mounting such a defense. Indeed, these two prior orders, which denied the plaintiff's motions for summary judgment, each specifically conclude that there exist questions of fact concerning "the alleged undue influence imposed upon Mr. Smith by the [plaintiff]". In light of the foregoing, the plaintiff will not be prejudiced by permitting the amendment requested by the defendants *(see generally, Matter of Honig,* 213 AD2d 229; *Barraza v Sambade,* 212 AD2d 655, 656). Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.