OPINION OF THE COURT
Alfred J. Weiner, S.
This is a discovery proceeding commenced by the administratrix of the estate of Georgina Wozniak.
The decedent depositor, Georgina Wozniak, established two certificate of deposit (CD) accounts at Republic National Bank of New York (the Bank). CD No. 1 has a face value of $36,312.40 *196 and was opened on July 14, 1992, and CD No. 2 has a face value of $10,000 and was opened (renewed) on or about May 24, 1995, and the total amount of these two accounts with accrued interest to date approximates the sum of $57,000. These CD accounts are entitled "Georgina Wozniak ITF Rene Charles and Eugene Raspar”.
The decedent depositor died on November 6, 1994. The beneficiary, Rene Charles, who was decedent’s husband, predeceased her on October 21, 1994. Eugene Raspar is the sole surviving beneficiary.
Petitioner contends that one half of the proceeds of the certificates of deposit should be paid to the estate of the decedent depositor. Respondent surviving beneficiary, Eugene Raspar, contends that he is entitled 100% of the proceeds of the two certificates.
A Totten trust account is named after the case of Matter of Totten (179 NY 112). The account is similar to a will in that the beneficiary has a mere expectancy rather than a vested interest while the depositor is alive and the depositor retains the full enjoyment of the amount on deposit prior to death including the right to revoke the trust in whole or in part by making withdrawals therefrom. (Blackmon v Estate of Battcock, 78 NY2d 735; Matter of Totten, supra.) In case the depositor dies before the beneficiary without revocation, the presumption arises that an absolute trust was created as to the balance on hand at the date of death of the depositor. (Matter of Totten, supra.)
EPTL 7-5.2, entitled "Terms of a trust account”, is stated in pertinent part as follows:
"The funds in a trust account * * * shall be trust funds subject to the following terms * * *
"(3) If the depositor survives the beneficiary, the trust shall terminate and title to the funds shall continue in the depositor free and clear of the trust.
"(4) If the beneficiary survives the depositor, and the depositor’s will contains no provision revoking, terminating or modifying the trust account * * * the trust shall terminate and title to the funds shall vest in the beneficiary free and clear of the trust.”
The statute does not address the specific issue of when there are two (or more) beneficiaries and one beneficiary survives the depositor and one predeceases the depositor.
Matter of Ungara (183 Misc 907 [Sur Ct, Bronx County 1944]) was decided prior to the enactment of EPTL 7-5.2. In that case, *197 Savina Ungara created a savings bank trust for her brother and sister. The brother of Savina predeceased her by a few days. Upon the death of Savina, her sister claimed title to all of the funds in the account. The court held that the brother’s death prior to the death of the creator terminates his interest in the trust. The court further held that one half of the funds goes to the depositor’s estate and one half to the surviving sister and utilized a tenancy in common application where there was no express survivorship language in the account as established.
Ungara (supra) was cited in Matter of Sorensen (28 AD2d 534 [2d Dept 1967]), where the Court held that the death of a legatee or devisee prior to death of a testator causes the bequest or devise to lapse unless provided differently under the then effective Decedent Estate Law.
The Totten trust doctrine was developed on a case by case basis. (9A Rohan, NY Civ Prac 7-5.1 [1].) EPTL 7-5.1 through 7-5.7 codified the law concerning Totten trusts and resolved inconsistent case law on issues involving a gift by the depositor to the beneficiary, the effect of oral statements of intent on revocation and the effect of an attempted revocation in the depositor’s will. (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL art 7, part 5, at 371.) The adoption of this statute does not change the holding in Matter of Ungara (supra).
This court finds that since no express survivorship language exists either on the bankbooks or signature card that opened the accounts, the respondent surviving beneficiary, Eugene Kaspar, is entitled to only one half of the funds in the account upon the death of the depositor, while the remaining one half of the funds reverts back to the depositor’s estate.
Accordingly, the court directs that the one half remaining balance in the two certificates of deposit accounts are payable to the estate of the decedent and further directs that the Republic National Bank of New York deliver such proceeds in its possession and control to the petitioner.