148

[672 NYS2d 428]

In the Matter of the Estate of GEORGINA WOZNIAK, Deceased.
DANUSE GEYER, Respondent, v EUGENE KASPAR, Appellant,
et al., Respondent.

Second Department, May 11, 1998

**APPEARANCES OF COUNSEL**

*Stockschlaeder, McDonald & Sules, P. C.,* New York City
(*John B. McDonald, Jr.,* of counsel), for respondent.

*Burke, McGlinn & Miele,* Suffern (*Joseph P. McGlinn* of counsel), for appellant.

## OPINION OF THE COURT

THOMPSON, J.

The decedent, Georgina Wozniak, established two certificate of deposit accounts—so-called "Totten Trusts"—at Republic National Bank of New York. The same two individuals were named as beneficiaries of each account. One of the beneficiaries died in October of 1994. Ms. Wozniak died some two weeks later in early November of 1994.

The issue presented is whether the surviving beneficiary is entitled to all of the proceeds, or whether the deceased beneficiary's share of the trust becomes the property of the depositor's estate. The Surrogate's Court adopted the latter position, holding that the surviving beneficiary was entitled to only one half of the proceeds (*see, Matter of Wozniak,* 171 Misc 2d 195). We affirm.

A so-called "Totten" or tentative trust is a revocable savings account trust, in which the named beneficiaries possess a mere expectancy in the trust proceeds prior to the death of the depositor (*see,* EPTL 7-5.2 [2]; *Matter of Totten,* 179 NY 112, 125-126; *see also, Blackmon v Estate of Battcock,* 78 NY2d 735, 739; *Matter of Bobeck,* 143 AD2d 90, 91; 106 NY Jur 2d, Trusts, § 114, at 142). Where the beneficiary survives the depositor, the trust terminates and title to the funds vests in the beneficiary (EPTL 7-5.2 [2], [4]). On the other hand, when the depositor survives the beneficiary, "the trust shall terminate and title to the funds shall continue in the depositor free and clear of the trust" (EPTL 7-5.2 [3]).

Applying these rules to the case at bar, we find that the trust funds should be divided between the surviving beneficiary and the depositor's estate (*see, Matter of Ungara,* 183 Misc 907; *cf., Matter of Sorensen,* 28 AD2d 534; 4 Rohan, NY Civ Prac—EPTL § 7-5.2). This result comports with the general principle enunciated in EPTL 7-5.2 (3), under which the depositor retains title to funds placed in trust for a predeceased beneficiary. It also reflects the tentative, contingent nature of the beneficiary's interest in the trust proceeds prior to the depositor's death (*see, Blackmon v Estate of Battcock, supra,* at 739). Our conclusion is further buttressed by the absence of any directive in the trust instruments conferring a right of survivorship upon the remaining beneficiary (*see, Matter of Ungara, supra,* at 908-909; *see also, Matter of Totten, supra,* at 124-126).

With respect to the issue of survivorship, it has been observed that "[a] statutory presumption exists in this State that a disposition of personal property (including moneys in bank accounts) to two or more persons creates in them a tenancy in common" (*Matter of Harrison,* 184 AD2d 42, 45; *see,* EPTL 6-2.2 [a]; 4 Rohan, NY Civ Prac—EPTL § 6-2.2). Here, the accounts were created without any language indicating that the donor intended to create a right of survivorship in the trust proceeds. In light of the foregoing, and since the rights of the deceased beneficiary in the trust terminated upon his death, title to the subject proceeds continued in the depositor's estate (*see,* EPTL 7-5.2 [3]). Accordingly, the decree appealed from should be affirmed.

O'BRIEN, J. P., RITTER and JOY, JJ., concur.

Ordered that the decree is affirmed, with costs payable by the appellant to the petitioner.

[End of AD Opinions Vol 244 AD2d]

[Subsequent AD2d Opinions will appear in Vol 246 AD2d]