OPINION OF THE COURT
Eve Preminger, S.
*259 The executor of the will of Archibald R. Foley seeks advice and direction as to the construction of two beneficiary designations. The question presented is whether the proceeds of decedent’s retirement plan and annuity contracts pass entirely to the surviving beneficiaries, or are distributable to decedent’s estate to the extent of the interests of the predeceased designated beneficiaries. For the reasons set forth below, the court holds that the predeceased beneficiaries’ shares pass to Mr. Foley’s estate.
Mr. Foley established a defined contribution retirement plan held by Smith Barney, Inc., which had a date-of-death value of $709,380.04. On March 20, 1989, he designated the primary beneficiary under the retirement plan as follows: “to be divided in equal shares among my living brothers and sisters — and an equal share to be divided between my niece Carmel Foley and my nephew Lawrence Foley.” Mr. Foley did not designate a secondary or contingent beneficiary.
In addition, Mr. Foley purchased four 20-year guaranteed retirement annuities held by Old Republic Life Insurance Company of New York, which had an aggregate date-of-death value of $275,872.75. On March 13, 1989, Mr. Foley designated the beneficiary under the annuity contracts as follows:
“to be divided equally, share & share alike among my living brothers and sisters, and one share to be divided equally between my niece (Carmel Foley) & nephew Lawrence Foley.
“Robert V. Foley 84 brother; Cecil A. Foley 76 brother
Beatrice M. Murphy 82 sister; Edna S. Gannon 67 sister Edith V. Foley 79 sister; Carmel L. Foley 53 niece
Lawrence Foley 47 nephew”.
Mr. Foley did not designate a secondary or contingent beneficiary.
On March 10, 1989, Mr. Foley executed a will, which was admitted to probate on April 7, 1998. Under the will, the residuary estate: “shall be divided into six (6) equal shares * * * one each of those shares to each of my brothers and/or sisters who shall survive me and one share to be divided equally between my niece, Carmel Foley, and my nephew, Lawrence Foley, or their survivor. If neither of them survive me or if any of my brothers and sisters shall fail to survive me, then I direct such share as would have gone to them to be divided equally amongst those brothers and sisters who do survive me.”
All of the beneficiaries designated under the annuities and the retirement plan predeceased Mr. Foley except his sister, *260 Edna S. Gannon, and his niece, Carmel L. Foley. Neither Smith Barney, Inc., nor Old Republic Life Insurance Company of New York, has any formal rules to construe these ambiguous beneficiary designations.[1] As a result, the executor seeks a judicial determination that: (1) Edna S. Gannon, as decedent’s sole surviving sibling, should receive one-half of the proceeds of the retirement plan and the annuities; and (2) the other half of the proceeds from these assets should be divided equally between decedent’s niece, Carmel Foley, and his nephew, Lawrence Foley; but since Lawrence Foley predeceased Mr. Foley, the executor seeks for the court to resolve whether Lawrence Foley’s one-quarter share of each asset should be distributed to Mr. Foley’s estate or whether it should pass to Carmel Foley, as the surviving beneficiary of the two.
Because both beneficiary designations provide for one share of the proceeds to be distributed to Mr. Foley’s “living brothers and sisters”, and another share to be distributed to Carmel Foley and Lawrence Foley together, Edna S. Gannon, as Mr. Foley’s sole surviving sibling, receives one-half of the proceeds from the annuities and the retirement plan. The other half of the proceeds should be distributed either entirely to Carmel Foley, or one-half to Carmel Foley and the other half to Mr. Foleys estate.
Evidence of Mr. Foley’s intent[2] regarding distribution of Lawrence Foley’s share of the proceeds would control. In the absence of such evidence, however, the court must rely on the presumed intent as fixed by rules of construction. No authority has been discovered which addresses whether a predeceased beneficiary’s share under a retirement plan or annuity contracts passes to the estate of decedent or to the surviving beneficiaries.[3] This question has been addressed in analogous contexts and the result has changed over time.
In Cuchal v Walsh (185 Misc 1008), the court addressed the issue in the context of the life insurance policy of a retired *261 member of the New York City Fire Department. The New York City Fire Department Life Insurance Fund provided, in relevant part: “ ‘[i]n case of the death of any * * * retired member * * * there shall be paid to the beneficiary or beneficiaries named in a written designation * * * or if there be no such written designation, then to the widow * * * the sum of two thousand dollars’ ”. (Supra, at 1008-1009.) The retired fireman designated “ ‘Barbara Cuchal and Alois Cuchal, my mother and father respectively5 ” as beneficiaries of this fund. (Supra, at 1009.) The father predeceased. In holding that the fireman’s widow, and not the surviving beneficiary, his mother, should receive the predeceased beneficiary’s insurance proceeds, the court reasoned that the mother and father were designated beneficiaries as individuals and not as a class, and, consequently, they took as tenants in common. The court reasoned further that the father’s share of the proceeds lapsed on his death during the life of the retired fireman, and therefore his share passed to the widow under the provision of the fund which stated “ ‘if there be no such written designation, then to the widow.’ ” (Supra, at 1009.)
The question has also been addressed in the context of Tot-ten trust accounts. Prior to the enactment of EPTL 7-5.7 (b), in 1998, the result in this context was the same as the result reached in the insurance cases. Courts uniformly held that, on the death of a depositor who established a Totten trust account for the benefit of multiple beneficiaries, a predeceased beneficiary’s share passes to the estate of the depositor and not to the surviving beneficiaries. (See, Estate of Henry, NYLJ, Dec. 5, 1997, at 37, col 1; Estate of Guardino, NYLJ, July 16, 1997, at . 27, col 2; Estates of Ourfalian, NYLJ, May 9, 1997, at 31, col 2; Matter of Wozniak, 171 Misc 2d 195, affd 244 AD2d 148; Matter of Ungara, 183 Misc 907.) In so holding, courts relied on the principle that a tenancy in common is presumed where there is no express language of joint tenancy, and thus concluded that, where the Totten trust is created without any language in the bankbooks or signature card indicating a joint tenancy, the proceeds should be distributed to the estate of the depositor. (See, Estate of Henry, supra; Estate of Guardino, supra; Matter of Wozniak, supra; Matter of Ungara, supra.)
Courts also reasoned that distributing the predeceased beneficiary’s share to the estate of the depositor comports with the expectancy interest that a Totten trust beneficiary obtains in the account and the principle enunciated in EPTL 7-5.2 (3) that “[i]f the depositor survives the beneficiary, the trust shall *262 terminate and title to the funds shall continue in the depositor free and clear of the trust.” {See, Matter of Wozniak, supra; Estates of Ourfalian, supra.) It was also noted that a depositor who intended for a predeceased beneficiary’s share to be distributed to his estate may have relied on precedent and thus not changed the title or amount deposited in a Totten trust account on the death of the predeceased beneficiaries. {Estates of Ourfalian, supra.)
EPTL 7-5.7 (b) overrules that case law. It provides: “Whenever any proceeds of a trust account would pass pursuant to section 7-5.2 to two or more beneficiaries, and one or more of the beneficiaries predeceases the depositor, such proceeds shall pass to the surviving beneficiary or beneficiaries in equal proportions, unless the terms of the trust provide otherwise.”
The legislative history sets forth three reasons in support of the new rule. (Assembly Mem approving Bill A 9763; NY Senate Mem approving Bill S 06401; 1998 Report of Trusts & Estates Law Section Comm on Legislation, 1998 NY Senate-Assembly Bill S 06401, A 9763.) First, distributing Totten trust proceeds to the estate of the depositor would be contrary to the depositor’s likely intent in designating multiple beneficiaries because the depositor could have changed the title of the Tot-ten trust account on the death of the predeceased beneficiaries or could have originally created a separate account for each beneficiary if he had intended for the predeceased beneficiary’s shares to pass to his estate.
Second, Totten trusts, often referred to as a “poor man’s will”, usually are intended to function as testamentary substitutes. Lastly, the new statutory survivorship rule for Totten trusts is analogous to EPTL 2-1.14, which provides that where the remainder of a trust passes to two or more designated beneficiaries and such remainder is ineffective in part, and the creator made no effective alternative disposition, the ineffective part passes to the other designated beneficiaries.
Here, Mr. Foley did not expressly declare a joint tenancy in the beneficiary designation of either the retirement plan or the annuities. Nor does the court find the evidence that Mr. Foley intended for Lawrence Foley’s proceeds to pass to the surviving beneficiary, Carmel Foley, to be sufficiently clear.[4] Thus, the court is required to hold that a tenancy in common has been *263 created. (See, EPTL 6-2.2 [a].) Accordingly, Lawrence Foley’s share of the proceeds from the retirement plan and the annuities are to be distributed to the estate of Mr. Foley.
The court is not unmindful that Mr. Foley may have intended a different result, namely that the proceeds of the testamentary substitutes at issue here pass outside his estate. Indeed, the modern legislative approach to construction of multiple beneficiary designations provides for this result in every context where the question has been addressed in the last several years (EPTL 7-5.7 [b] [Totten trusts]; 2-1.14 [trust remainders]; cf, EPTL 3-3.4 [providing that the share of a predeceased residuary beneficiary of an estate passes to the surviving beneficiaries]). In the absence of legislation reversing the general common-law presumption in the context of retirement plans, annuity contracts and other testamentary substitutes, modern thinking as to presumed intent cannot be extended to these assets. This anomaly merits consideration and therefore is referred to the EPTL-SCPA Advisory Committee for such action as it deems appropriate.

. Old Republic Life Insurance Company of New York does have an informal policy to construe multiple beneficiary designations as a joint tenancy for administrative convenience.

. Evidence of Mr. Foley’s intent is, at best, ambiguous. In contrast to the language used in the beneficiary designations, Mr. Foley’s will specifically provides that any predeceased sibling’s share of Mr. Foley’s residuary estate is to be distributed among the surviving siblings and is not to be shared with a surviving niece and/or nephew.

. Because decedent was the only participant under decedent’s defined contribution retirement plan, the plan is not covered by the Employee Retirement Income Security Act (see, 29 USC §§ 1003, 1002 [2] [A]; [3]; 29 CFR 2510.3-3 [b], [c] [1]). Therefore, New York law is not preempted.

. Unlike Mr. Foley’s will which specifically provides that one-sixth of Mr. Foley’s residuary estate is distributable to his niece and nephew or the survivor of them, the beneficiary designations are silent.