In the Matter of the Estate of FELICE RICCI, Deceased. FRANK RICCI, Appellant; ROSA SIBILIO, Respondent. [795 NYS2d 672]—

In a proceeding, inter alia, to restrain Rosa Sibilio from transferring, converting, or assigning the decedent's joint bank accounts, the petitioner appeals from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated April 12, 2004, which, upon a decision of the same court dated March 22, 2004, finding, inter alia, that Rosa Sibilio was entitled to the funds in the joint bank accounts, denied the petition.

Ordered that the decree is affirmed, with costs.

After the death of the decedent, Felice Ricci, Rosa Sibilio claimed that she owned the funds in the bank accounts opened jointly in her name and that of the decedent. The appellant, the administrator of the decedent's estate, challenged Sibilio's entitlement to those funds. In a decision after trial dated March 22, 2004, the Surrogate's Court found that Sibilio was entitled to the funds because the appellant failed to rebut the presumption created by Banking Law § 675 that the decedent intended to create a joint tenancy. We affirm.

The Surrogate's determination that the decedent did not establish the disputed accounts for his convenience was supported by the weight of the evidence (*see Matter of Dupree,* 164 AD2d 911, 912 [1990]), and we accord deference to the credibility findings of the Surrogate (*see Matter of Castaldo,* 198 AD2d 94

[1993]). Therefore, the appellant failed to rebut the presumption of joint tenancy created by Banking Law § 675 (b). There is no rule that the presumption is automatically rebutted where the depositor, here the decedent, had exclusive possession of the passbooks, the survivor made no deposits or withdrawals during his lifetime, and the sole source of the funds was the decedent. The cases upon which the appellant relies, contrary to this case, all presented proof that the accounts were created for the depositor's convenience (*see e.g. Fragetti v Fragetti*, 262 AD2d 527, 528 [1999]; *Matter of Friedman*, 104 AD2d 366, 367 [1984], *affd* 64 NY2d 743 [1984]; *Wacikowski v Wacikowski*, 93 AD2d 885 [1983]; *Matter of Hollweg*, 67 AD2d 1001, 1002 [1979]; *cf. Matter of Dupree, supra*). H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.